GEORGE FILBERT, Respondent, *v.* THE PRESIDENT, MANAGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL COMPANY, Appellant.

In an action to recover damages for injuries received by plaintiff while engaged as an employe of defendant in coupling cars, it appeared that he fell into a pit between the tracks; this contained a wheel over which a cable ran for drawing cars up an inclined plane. The pit ordinarily was covered with planks. Plaintiff claimed and gave some evidence tending to prove that the day before he was injured, defendant's workmen took up the planks for the purpose of doing some work in the pit and did not replace them. There was no claim upon the trial or evidence given tending to show that the pit when covered, was in any respect an improper structure, or in an unsafe condition, or that plaintiff's co-servants were unskillful. It appeared that it was frequently necessary to remove these planks temporarily for the purpose of making repairs, and that defendant's employes, engaged in and about that work, were repeatedly instructed to cover the pit when the repairs were finished; there was no allegation or proof that suitable material was not provided for that purpose. *Held,* that plaintiff's injuries were caused by the negligence of co-servants and, therefore, he was not entitled to recover. *Filbert* v. *D. & H. C. Co.* (24 J. & S. 170), reversed.

(Argued March 20, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made October 29, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages alleged to have been caused by the defendant's negligence.

The material facts are stated in the opinion.

*Matthew Hale* for appellant. No negligence on the part of defendant, causing or contributing to plaintiff's injury, was proved ; if there was any such negligence, other than that of plaintiff, it was that of his fellow-servants for which the defendant is not liable. ( *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562 ; *Malone* v. *Hathaway*, 64 id. 5, 8 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521 ; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549 ; *Crispin* v. *Babbitt*, 31 id. 516 ; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77 ; *Slater* v. *Jewett*, 85 id. 61 ; *Brick* v. *R., etc., R. R. Co.*, 98 id. 211 ; *Neubauer* v. *N. Y., L. E. & W. R. R. Co.*, 101 id. 608 ; *Loughlin* v. *State*, 105 id. 159 ; *Salters* v. *D. & H. C. Co.*, 3 Hun, 338, 340 ; *Anthony* v. *Leeret*, 105 N. Y. 591 ; *Hussey* v. *Coger*, 112 id. 614, 618 ; *Hudson* v. *O. S. Co.*, 110 id. 625 ; *Byrne* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251 ; *Bulkley* v. *R. Co.*, Id. 540 ; *Stringham* v. *Hilton*, 111 id. 188 ; *Judson* v. *Village of Olean*, 116 id. 655 ; *Weber* v. *Piper*, 109 id. 496 ; *Brick* v. *R., etc., R. R. Co.*, 98 id. 211 ; *Marvin* v. *Muller*, 25 Hun, 163 ; *Colton* v. *Richards*, 123 Mass. 484 ; *Johnson* v. *B. T. B. Co.*, 135 id. 209 ; *Hoffnagle* v. *N. Y. C. R. R. Co.*, 55 N. Y. 608 ; *Ford* v. *L. S., etc., R. R. Co.*, 27 N. Y. S. R. 246 ; *Riley* v. *O'Brien*, 53 Hun, 147 ; *Devlin* v. *Smith*, 89 N. Y. 470 ; Wood on Master & Servant, 808 ; *Armour* v. *Hahm*, 111 U. S. 313.) Even if constructive notice should be considered sufficient to charge the defendant with negligence, defendant is not, upon any view of the evidence, chargeable with such constructive notice. ( *C. & A. R. R. Co.* v. *Stiles*, 20 Ill. App. 648 ; 2 S. & R. on Neg. [4th ed.] § 369 ; *Sweet*

v. *Gloversville*, 12 Hun, 302; *Blakely* v. *City of Troy*, 18 id. 167; *Harrington* v. *Phœnix*, 41 id. 270; *Kinney* v. *City of Troy*, 108 N. Y. 567; *Klatt* v. *Milwaukee*, 53 Wis. 196; *Goodnough* v. *Oshkosh*, 24 id. 549.)  The evidence conclusively showed that the plaintiff's negligence caused or contributed to his injury. (Beach on Con. Neg. § 140; *Patterson* v. *P. & C. R. R. Co.*, 76 Penn. 389, 394; 1 S. & R. on Neg. [4th ed.] 380, §§ 217, 221; *C., etc., R. Co.* v. *Clark*, 11 Ill. App. 104; *Duffy* v. *Upton*, 113 Mass. 544; *DeForrest* v. *Jewett*, 88 N. Y. 264; *Marsh* v. *Chickering*, 101 id. 396; *Sweeney* v. *E. Co.*, Id. 520; *Shaw* v. *Sheldon*, 103 id. 667; *Hickey* v. *Taafe*, 105 id. 26; *Prenate* v. *U. I. Co.*, 23 Hun, 528; *Power* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274; *Cullen* v. *R. Co.*, 114 id. 45; *Appel* v. *R. R. Co.*, 111 id. 550; *Reardon* v. *N. Y. C. C. Co.*, 19 J. & S. 134.)  The court erred in permitting the plaintiff, upon the redirect-examination of the witness Bedanset, to prove by him that he had given to the counsel for the defendant the same account of the transaction that he had given to the jury on the trial. (*Rob* v. *Hackley*, 23 Wend. 50; *Smith* v. *Stickney*, 17 Barb. 489; *Jenkins* v. *Hudson*, 40 Hun, 424, 426; *Conrad* v. *Griffey*, 11 How. [U. S.] 480; *Reed* v. *N. Y. C. R. R. Co.*, 45 N. Y. 574, 577.)

*Abel E. Blackmar* for respondent.  There was evidence of the defendant's negligence and it is, therefore, liable.  (*Farwell* v. *B. & A. R. R. Co.*, 4 Metc. 49; *Coon* v. *R. R. Co.*, 6 N. Y. 492; *Sherman* v. *R. R. Co.*, 17 id. 153; *Keegan* v. *R. R. Co.*, 8 id. 175; *Ryan* v. *Fowler*, 24 id. 410; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549; *Kirkpatrick* v. *R. R. Co.*, 79 id. 240; *Fuller* v. *Jewett*, 80 id. 46; *Pantzar* v. *T. F. Co.*, 99 id. 368; *Benzing* v. *Steinway*, 101 id. 547; *Fredenburg* v. *N. C. R. Co.*, 114 id. 582; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 id. 398; *Crispin* v. *Babbitt*, 81 id. 516; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 id. 546; *Cone* v. *R. R. Co.*, 81 id. 207; *Plank* v. *R. R. Co.*, 60 id. 607; *Deforest* v. *Jewett*, 88 id. 264; *Davies* v. *England*, 10 Jur.

[N. S.] 1235 ; *Baxter* v. *Roberts*, 44 Cal. 187 ; *Homer* v. *Everett*, 91 N. Y. 641 ; *Stark* v. *McLaren*, 10 N. S. 31 ; *Noyes* v. *Smith*, 28 Vt. 59 ; *Abel* v. *D. & H. C. Co.*, 103 N. Y. 581 ; *Snow* v. *H. R. R. Co.*, 8 Allen, 441 ; *Laning Case*, 49 N. Y. 521 ; *Drywald* v. *Thompson*, 26 Minn. 40.) It was a question for the jury as to whether the defendant ought not to have known and remedied the defect in the platform before directing the plaintiff to go to work there. (*Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 240 ; *Benzing* v. *Steinway*, 101 id. 547 ; *Bennett* v. *S. Ins. Co.*, 39 Minn. 254 ; *Clarke* v. *Holmes*, 7 H. & N. 942 ; *Slater* v. *Jewett*, 85 N. Y. 61 ; *Sheehan* v. *R. R. Co.*, 91 id. 332 ; *Snow* v. *H. R. R. Co.*, 8 Allen, 441.) There was no contributory negligence. (*Noyes* v. *Smith*, 28 Vt. 56 ; *Newson* v. *R. R. Co.*, 29 N. Y. 383 ; *Plank* v. *R. R. Co.*, 60 id. 607 ; *Bassett* v. *Fish*, 75 id. 303 ; *Borst* v. *R. R. Co.*, 4 Hun, 346 ; 66 N. Y. 639 ; *Weed* v. *Village of Ballston*, 76 id. 329 ; *Hawley* v. *N. C. R. Co.*, 82 id. 370 ; *Kane* v. *Smith*, 89 id. 357 ; *Clarke* v. *Holmes*, 7 H. & N. 942 ; Wood on Master and Servant, § 376 ; *Patterson* v. *R. R. Co.*, 76 Penn. St. 389 ; *Snow* v. *H. R. R. Co.*, 8 Allen, 441 ; *Stackus* v. *R. R. Co.*, 79 N. Y. 464.) The defendant's requests are based on the theory that there cannot be any liability on the part of the defendant unless it had actual notice that the hole was uncovered, and defendant expressly excepted to the qualification to the third request made by the court that defendant is not liable unless it had notice or should, by the exercise of ordinary care and caution, have received notice. The qualification was right. (*Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 240 ; *Benzing* v. *Steinway*, 101 id. 547 ; *Bennett* v. *S. Ins. Co.*, 39 Minn. 254 ; *Clarke* v. *Holmes*, 7 H. & N. 739 ; *Goodrich* v. *N. Y. C. & H. R. R. R. Co.*, 116 N. Y. 398.)

EARL, J.   On the 15th day of January, 1887, the plaintiff was in the employment of the defendant at Weehawken in New Jersey, and while attempting to uncouple cars he claims that he fell into a hole between the tracks and received the

injury for which he brought this action. At the place where he was injured, there was a pit between the tracks in which there was a wheel, over which a cable was used for drawing cars up an inclined plane. The pit, when in its proper and ordinary condition, was covered with planks laid crosswise between the tracks. It is the claim of the plaintiff, and he gave some evidence tending to prove, that the workmen of the defendant, on the fourteenth day of January, took up these planks for the purpose of doing some work in the pit, and that they did not replace them, and that the pit remained uncovered until the next day, in the morning, when he, in the discharge of his duty, stepped into it, and in consequence of it received the injury of which he complains.

His claim is that he was injured in consequence of carelessness chargeable to the defendant, his master, while it claims that his injury was due to the carelessness of co-servants for which he cannot hold it responsible.

We are of opinion that the position of defendant is well founded. There was no claim upon the trial, and no proof was given tending to show that the pit when covered was in any respect an improper structure, or in an unsafe condition, or that the plaintiff's co-servants were unskillful. The sole claim on his part is that the carelessness of the defendant consisted in leaving the pit uncovered.

It appears that in the operations of the railroad at that point, it was frequently necessary to remove the planks covering the pit temporarily for the purpose of making repairs therein, and that the employes engaged in and about that work were repeatedly instructed to cover the pit when the repairs were finished. There is no allegation, and there was no proof that the employes did not have suitable material to cover the pit. The sole allegation is that they did not cover it, and it was, therefore, their negligence, and not the negligence of the company that it was uncovered at the time of the accident. The defendant was bound to furnish a reasonably safe place for its employes to work, and to furnish suitable implements and machinery for them. Here that duty was fully dis-

charged. The pit was not dangerous when covered with the planks, and the danger was solely due to the fact that the plaintiff's co-servants left it uncovered. Within the rules applicable to such cases, the plaintiff and the others there engaged in the service of the defendant, including the foreman, were co-servants engaged in a common employment; and the common master cannot be held responsible for an injury caused to any one of them through the carelessness of any of the others. The employes were not engaged upon an imperfect road or structure, but they were engaged in the management or conduct of a road properly and safely constructed, and rendered unsafe solely by their carelessness.

This is like the case of a master builder who builds a platform upon the side of a building for his employes to work upon, and one of them removes from the platform a plank, and in consequence another employe falls through the aperture thus made and is injured; and in such a case it is well settled that the master is not responsible for the injury. If this defendant had been engaged in repairing a bridge, and one of its employes had taken up a plank and had not replaced it, and another employe had fallen through the hole in consequence of such carelessness, the defendant would not have been responsible. The following cases illustrate the rules of law applicable to this case, and are ample authority for the conclusion we have reached: (*Crispin* v. *Babbitt*, 81 N. Y. 516; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Slater* v. *Jewett*, 85 id. 61; *Brick* v. *R.*, *N. Y. & P. R. R. Co.*, 98 id. 211; *Neubauer* v. *N. Y., L. E. & W. R. R. Co.*, 101 id. 608; *Loughlin* v. *State*, 105 id. 159; *Anthony* v. *Leeret*, Id. 591; *Hussey* v. *Coger*, 112 id. 614; *Hudson* v. *O. S. Co.*, 110 id. 625; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251; *Stringham* v. *Hilton*, 111 id. 188; *Judson* v. *Village of Olean*, 116 id. 655.)

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except RUGER, Ch. J., and O'BRIEN, J., dissenting and PECKHAM, J., not sitting.

Judgment reversed.