CHARᴛES KᴧANZ, as Administrator, etc., Appellant, v. THE LONG ISLAND RAILWAY COMPANY, Respondent.

In an eᴄᵗion to recover damages for the death of W., plaintiff's intestate, an employe in defendant's machine shop, alleged to have been caused by its negligence, it appeared that he was ordered to clean out certain underground water-pipes. A trench had been opened, for the purpose of furnishing W. a proper place and opportunity to do the work, by defendant's section man and laborers under his direction; while engaged in disconnecting the pipes, the earth caved in upon W. and he was suffocated. At the close of the evidence, the complaint was dismissed. *Held*, error; that the question of defendant's negligence should have been submitted to the jury; that defendant owed to W. the duty of providing a place reasonably safe for the work he was directed to do; that those who opened the trench were performing the master's duty, and W. had a right to assume that the place had been made reasonably safe. *Murphy* v. *B. & A. R. R. Co.* (88 N. Y. 152); *Cook* v. *N. Y. C. & H. R. R. R. Co.* (119 id. 653), distinguished.

(Argued June 2, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an ordeᴿ made June 25, 1888, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Circuit.

SICKELS—VOL. LXXVIII.    1

This action was brought to recover damages for the death of William Kranz, plaintiff's intestate, which was alleged to have been caused by defendant's negligence.

The facts, so far as material, are stated in the opinion.

*A. N. Weller* for appellant. The master owes the duty to his servant of furnishing adequate and suitable tools and implements, proper instrumentalities and appliances, a safe and proper place in which to prosecute his work, and, when they are needed, the employment of skillful and competent workmen. (*Pantzar* v. *T. F. M. Co.*, 99 N. Y. 368; *Benzing* v. *Steinway*, 101 id. 549; 49 id. 521; 59 id. 517; 81 id. 206; 2 N. Y. S. R. 119; 73 N. Y. 40; *Koosrowska*, 8 N. Y. Supp. 198; *Doyle* v. *Baird*, 6 id. 517; *Swenson* v. *M. I. O. Co.*, 24 N. Y. S. R. 43; *Connolly* v. *Poillon*, 41 Barb. 366; *Manning* v. *Hogan*, 71 N. Y. 615; *Horr* v. *N. Y. C. & H. R. R. R. Co.*, 2 N. Y. S. R. 227; 70 N. Y. 90; 99 id. 368; 101 id. 547; 80 id. 46; 95 id. 546.) In no sense was the foreman of the trench-diggers a fellow-servant of plaintiff's decedent. (*Fuller* v. *Jewett*, 80 N. Y. 46; 95 id. 546; 99 id. 368; 101 id. 547; *Cullen* v. *Norton*, 22 N. Y. S. R. 221; *Swenson* v. *M. I. O. Co.*, 24 id. 43.) The rule is unqualified that a master is bound to use all reasonable care, diligence and caution in providing for the safety of those in his employ, and in furnishing for their use in his work, safe, sound and suitable tools, implements, appliances and machinery in the prosecution thereof, and a safe and proper place to perform his duties. This rule is the measure of the master's duty, and he cannot exempt himself from liability for its omission by delegating its performance to another. (101 N. Y. 547; 99 id. 368; 85 id. 61; 81 id. 16; 80 id. 46; 49 id. 521.) Plaintiff was not guilty of contributory negligence in obeying defendant's order to enter this dangerous pit and perform the work there assigned to him, nor did he by so doing assume the perils of the service. (*Money* v. *C. C. R. Co.*, 66 Barb. 43; *Kain* v. *Smith*, 89 N. Y. 375; 59 id. 28; 78 id. 310; 63 id. 449; 25 Hun, 148; 12 Fed. Rep. 601; 52 Ill. 401; 9 Fed. Rep.

337, 432; 98 N. Y. 128; 88 id. 49; 56 id. 302; 49 id. 52; Wood on Master & Servant, § 349; *Wheeler* v. *W. M. Co.*, 135 Mass. 294; *A. E. Works* v. *Randall*, 100 Ind. 293; 24 Hun, 48; 58 N. Y. 56; 82 id. 770; 17 Hun, 115.) Defendant, in taking this boy of immature years away from the machine shop where he was employed as an apprentice, and sending him to Bay Ridge to enter a dangerous pit without warning of his peril, violated the original contract of employment and committed a great wrong against decedent as well, and the rule that a servant assumes the risk of a fellow-servant's negligence, and the dangers incident to the business does not apply. (Wood on Master & Servant, §§ 349, 435; *C. R. R. Co.* v. *Moranda*, 93 Ill. 302; 59 Tex. 334; *Seigel* v. *Schwartz*, 2 T. & C. 353; *Grizzle* v. *Frost*, 3 F. & F. 751; 101 N. Y. 541; 82 id. 370; *R. R. Co.* v. *Fort*, 17 Wall. 553.)

*E. B. Hinsdale* for respondent. The alleged negligence in the opening of the ditch was the negligence of a fellow-servant, for which the master is not liable. (*Murphy* v. *B. & A. R. R. Co.*, 88 N. Y. 152; *Flike* v. *B. & A. R. R. Co.*, 53 id. 549, 553; *Byrnes* v. *N. Y., L. E. & W. R. R. Co.*, 113 id. 251; *Hofnagle* v. *N. Y. C. R. R. Co.*, 55 id. 608; *Pickett* v. *A. S. S. Co.*, 12 Daly, 441, 443; *Hussey* v. *Coger*, 112 N. Y. 614; *Ford* v. *L. S. & M. S. R. R. Co.*, 117 id. 638; *Loughlin* v. *State*, 105 id. 159; *Crispin* v. *Babbitt*, 81 id. 516; *McCosker* v. *L. I. R. R. Co.*, 84 id. 77; *Laning* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 521, 528; *Brick* v. *R., N. Y. & P. R. R. Co.*, 98 id. 211.) The duty of the master to furnish safe appliances, etc., is not an absolute one and is satisfied by the exercise of reasonable care and prudence. (*Probst* v. *Delamater*, 100 N. Y. 266, 272; *Stringham* v. *Hilton*, 111 id. 188.)

FINCH, J. We are of the opinion that the nonsuit granted in this case was erroneous, and that the question of the defendant's negligence was improperly withheld from the jury.

The plaintiff's intestate was a young man about eighteen

years of age, who had entered the machine shops of the defendant company to learn the trade, and pursue that branch of labor. He was ordered to go to the depot at Bay Ridge to clean or aid in cleaning certain water-pipes placed under ground at that point. A trench was opened for that purpose by the section man, and laborers under his direction, some hours before the intestate began work upon the pipes. That was a necessary step to furnish him a suitable place and proper opportunity for the performance of his own duty. He entered the trench and began to disconnect the pipes, and, while so engaged, the earth caved in upon him, and he died of suffocation.

The defendant owed to its servant the duty of providing a place reasonably safe for the work which he was directed to do. Those who opened the trench were performing the master's duty to the deceased in preparing a suitable place and opportunity for the labor of the intestate in discharge of his duty. The General Term conceded so much, but held that the danger, if any, was as obvious to the servant as the master, and the former chose to take the risk. That proposition is incorrect as a legal conclusion from the proof, and is scarcely defended on this appeal; but the nonsuit is sought to be sustained upon the ground that they who opened the trench were fellow-servants of the intestate engaged with him in a common enterprise, and whose negligence, if any, in not bracing or protecting the sides of the trench was one of the risks which the deceased assumed. I think the decisions of this court are adverse to that view. The general question was very much discussed and quite fully considered in *Slater* v. *Jewett* (85 N. Y. 61) and later applied to different facts in *Pantzar* v. *Tilly Foster Iron Mining Co.* (99 N. Y. 368) and *Benzing* v. *Steinway* (101 id. 547). In these cases the duty of the master to exercise reasonable care in furnishing to the servant safe tools and appliances, competent co-servants, and a safe place in which to work was fully recognized. When the master ordered the intestate to perform his work as a machinist in the trenches opened and prepared for him, he had a right

to assume that the place had been made reasonably safe by the master through other and competent servants employed by him. The case is not like *Murphy* v. *B. & A. R. R. Co.* (88 N. Y. 152) as the respondent insists, because there no specific duty of the master to his servant was shown to have been violated. In the present case there was evidence tending to that result. Whether the trench was opened with reasonable care, whether any danger was obvious to the deceased, whether greater precaution should have been exercised against the falling of the bank, whether the agents employed were skillful or inexperienced, and so, whether on all the facts the defendant was negligent, are questions of fact to be solved by the jury.

Upon the argument before us the case of *Cook* v. *N. Y. C. & H. R. R. R. Co.* (119 N. Y. 653); recently affirmed without an opinion, was called to the attention of counsel. The cause of the injury in that case was a caving in of the sides of a trench as in the action before us. The respondent suggests to us that the decision of the *Cook* case turned wholly upon the defendant's negligence in failing to employ a competent superintendent. That is true. The workman there was steadily making or assisting in making his own place in which to work. If it became unsafe, his own negligence co-operated and barred his remedy unless he acted under the master's orders given by an incompetent superintendent. But here the deceased had nothing to do with the preparation of the trench. It was prepared not by him but for him, and reasonable care in its preparation, we think, was the master's duty to the servant. Indeed our attention is called to some evidence introduced without objection tending to show want of skill and experience on the part of the section-master who directed the excavation. We form no opinion upon the facts and express none, but leave the case for the judgment of a jury.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.