EMMA M. HASKINS, as Administratrix, etc., of MARTIN HASKINS, Deceased, Plaintiff, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

*Action for personal injuries — duty of a railroad company to its employees — absence of blocking on the guard rail of its tracks — when insufficient to show negligence on the part of the company.*

It is the duty of a railroad corporation to furnish a reasonably safe place and appliances for its employees to perform the duties incumbent upon them.

Assuming that a railroad company is obliged to block its guard rail for the protection of its employees, it is incumbent upon an employee, in order to recover damages in an action brought against such company for personal injuries alleged to have been sustained by reason of the failure of such corporation to keep its guard rail properly blocked, to show that such corporation had either actual notice that the blocking was out of place for such a length of time as would have enabled it to restore the blocking, or that the blocking had been out of place for such a length of time as to constitute constructive notice thereof to the railroad company, where there is no evidence that the blocking was not properly constructed in the first place, or that it was displaced through negligence.

MOTION by the plaintiff, Emma M. Haskins, as administratrix, etc., of Martin Haskins, deceased, for a new trial on a case containing

exceptions, ordered to be heard at the General Term in the first instance, upon a judgment of nonsuit directed by the court after a trial before the court and a jury at the Ontario Circuit.

*John Gillette*, for the motion.

*J. W. Dunwell*, opposed.

LEWIS, J. :

This action was brought against the defendant to recover damages for the alleged negligent killing of the plaintiff's husband. He was at the time in the employ of the defendant as a brakeman upon a local freight train running between Rochester and Syracuse, by the way of Canandaigua. Part of his duties as a brakeman was to assist in making up and switching trains. In doing that work he was required to couple and uncouple cars and manipulate the switches. On the 6th day of November, 1892, while thus engaged in the defendant's yard at Canandaigua, his foot was caught between a guard rail and an adjoining rail on the main track of the defendant's road, and, not being able to extricate it, a passing car ran over him, causing his death. The alleged negligence of the defendant, upon which the plaintiff based her right to recover, was the absence of an appliance called blocking in the opening where the deceased's foot was caught. There was evidence tending to show that a device had been theretofore adopted by some railroads, to a limited extent, known as blocking. It was done by inserting in the space between the guard rail and the main rail a piece of plank of such thickness as to permit the wheels of the locomotives and cars to pass over it. It was there fastened by driving spikes into it. There were a large number of guard rails in the Canandaigua yard, and about one year before the accident they had all been blocked. The device had not been adopted generally by railroads. One of the reasons why it had not been adopted was because of the great difficulty of keeping the blocking in place. Snow, ice, gravel and other substances were liable to accumulate upon the blocks, and the flanges of the wheels in passing over them were quite apt to force them out of place. The evidence tended to show that in some cases they were almost immediately forced out; in other cases they would remain in place for a considerable time, the length of time being entirely uncertain.

They were, to some extent, a protection to the employees, although not a perfect protection, for it was not practicable to have them of such thickness that the soles of the shoes of the operatives might not catch, notwithstanding the blocking.

The blocking in this yard was constantly getting out of place. Some of the blocks were replaced and others were not. At the time of the accident there were only about one-fourth of the blocks in position.

It was found, after the accident, that the blocking was out of the guard rail where the deceased's foot was caught. There was an entire absence, however, of any evidence as to the length of time it had been out. While it was the duty of the defendant to furnish a reasonably safe place and appliances for the deceased to perform the duties incumbent upon him, it is not by any means certain that the defendant was obliged to block the guard rails; but if it be conceded that it owed the duty to the deceased to adopt the device, it was incumbent upon the plaintiff, in order to be entitled to recover, to show that the defendant had either actual notice for a sufficient length of time before the accident that the blocking was out, so that it could have been repaired, or that the blocking had been out for such a length of time as to constitute constructive notice to the defendant. There was no evidence that it was not properly constructed in the first place, or that it was negligently displaced; and there was an absence of any evidence as to how long it had been out before the accident. It may, so far as it appears from the evidence, have been knocked out of place one hour before the accident occurred. It was incumbent upon the plaintiff, before she was entitled to have her case submitted to the jury, to show that the defendant's negligence caused her husband's death. This she failed to do, and was, therefore, properly nonsuited. The motion for a new trial should be denied, and judgment directed for the defendant upon the nonsuit.

DWIGHT, P. J., HAIGHT and BRADLEY, JJ., concurred.

Plaintiff's motion for a new trial denied, and judgment ordered for the defendant on the nonsuit.