THOMAS COLLINS, Respondent, *v.* THOMAS E. CRIMMINS, Appellant.

(New York Superior Court — General Term, January, 1895.)

The rule that a master is bound to provide a safe place for the servant to work does not apply to a case where the servant is injured while himself digging the trench in which he is to work.

Where the master has provided competent foremen, and sufficient proper appliances to protect the servant while at work, he has performed his duty to the servant.

Where the manner of doing the work has been intrusted to the foremen, they are fellow-servants of the workmen in that respect, and the master is not liable for their negligence in conducting the progress of the work.

APPEAL by defendant from a judgment in favor of the plaintiff, entered upon a verdict of a jury, and from order denying defendant's motion for a new trial.

*Charles C. Nadal*, for appellant.

*McAdam & McAdam* (*Henry Schmitt*, of counsel), for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff through the

alleged negligence of the defendant. The plaintiff was employed by the defendant as a laborer, and was injured by the falling of a bank of earth while he was engaged in excavating the bank in a trench in Third avenue at the intersection of One Hundred and Twenty-fifth street during the building of the Third Avenue Cable railway. The trench occupied the greater part of the entire width of the roadway of the avenue, and, at the time of the accident, was in some places eight or ten feet deep. The excavating was being done by steps or benches; that is, an excavation was made to a depth of about four feet, and alongside of it another excavation was made to a further depth of about four feet. There was only one step or bench, so that there were, so to speak, three levels: *First,* the street level; *second,* the top of the bench, and, *third,* the bottom of the trench. Upon the trial the testimony of the witnesses was conflicting as to the precise spot at which the plaintiff was at work at the time of the accident, but the great preponderance of evidence was to the effect, and the plaintiff himself admitted, that the bank which fell on him was one about four feet high and that he was digging at it at the time. This feature at once distinguishes the case at bar from the case of *Kranz* v. *Long Island R. R. Co.,* 123 N. Y. 4, where it was held that a servant ordered by one occupying the position of master to clean out certain underground water pipes, and to that end to go into a trench already dug and completed by another set of workmen for that purpose, had the right to assume that the trench had been made reasonably safe by the master through other and competent servants employed by him. In the present case the plaintiff was steadily making, or assisting in making, his own place in which to work, and for this reason the authorities which hold that a master is bound to provide a reasonably safe place for his servants in which to do their work have no application to the case at bar. That being so, and assuming, but not deciding, that upon the whole case it was for the jury to determine whether the plaintiff was or was not free from contributory negligence,

New York Superior Court, January, 1895. [Vol. 11.

and whether the falling of the bank in question was or was not a risk assumed by the plaintiff under his contract of employment, the next question calling for serious consideration is whether the defendant, in the exercise of reasonable care, was or was not, after all, bound to protect the bank in question in some way in order to prevent its caving in. It was claimed on the part of the plaintiff that the defendant should have shored up or sheath-piled the bank. But five experts in excavating testified that the defendant did his work in the usual and proper way, that it was not necessary to shore up or sheath-pile a bank only four feet high, and that it is impracticable, if not impossible, to have such a bank shored up or sheath-piled at the same time that it was being dug away. Upon this point the preponderance of direct evidence as well as the probabilities was with the defendant. But independently of that the defendant showed that, even if there was any negligence in not shoring up or sheath-piling, it was the negligence of plaintiff's fellow-servants, for which he, the defendant, is not liable. The following facts were proved by substantially uncontroverted testimony, viz.: One Thomas P. Mórrell was general foreman of the whole work. He was a man of great experience in such work, and his duties were to see that the work was properly done. Under him was John J. McManus, as foreman in charge at the point of the accident. He was also an experienced man. His instructions were to have everything shored up and braced whenever and wherever it was required. He was at the scene of the accident at the time, ready to attend to the shoring as soon as it should become necessary. But he had examined the bank shortly before the accident and had seen nothing to indicate that it then was necessary to shore it up. In this he stands corroborated by the plaintiff, who, in the course of his testimony, repeatedly admitted that he had perceived no sign of any danger. Moreover, Charles T. King, a professional and experienced "shorer-up," had been engaged to do the shoring up at One Hundred and Twenty-fifth street and Third avenue. His instructions were to go down

into the excavations and shore up wherever it was necessary and to make everything safe and satisfactory. He was actually on the spot at the time and was standing near the plaintiff, waiting for plaintiff to get through with the digging and then to proceed with the shoring. And, finally, it was shown that the defendant had furnished plenty of timber and planks for shoring.

These facts clearly established that, in providing competent foremen and sufficient proper appliances, the defendant had done all that the law required of him under the circumstances; that, the manner of doing the work having been intrusted to Morrell, McManus and King, they were in that respect fellow-servants with the plaintiff, and that if they were, or either of them was, negligent in conducting the progress of the work, and such negligence was the cause of plaintiff's injury, it was the negligence of a fellow-servant, for which the defendant, in the absence of personal participation, is not liable. In such a case the superior rank of the fellow-servant guilty of negligence makes no difference. These propositions are fully sustained by the following authorities, viz.: *Murphy* v. *Boston & Albany R. R. Co.,* 88 N. Y. 146; *Loughlin* v. *The State of New York,* 105 id. 159; *Hussey* v. *Coger,* 112 id. 614; *Filbert* v. *Del. & Hudson Canal Co.,* 121 id. 207; *Cullen* v. *Norton,* 126 id. 1.

For the forgoing reasons it was error to submit the case to the jury, and for such error the judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Dugro, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.