ARTIS v. BUFFALO, R. & P. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. March 14, 1896.)

MASTER AND SERVANT—RAILROAD—INJURY OF SWITCHMAN.
   The fact that plaintiff, while a switchman in the employ of defendant railroad company, was injured by reason of stepping into a hole between the ties in the switchyard, with which he was unfamiliar, while coupling cars in the night, is not of itself sufficient to entitle plaintiff to recover for the injury, it not being shown when or by whom the hole was made, or that defendant had, or was chargeable with, notice of it. Ward, J., dissenting.

Appeal from special term, Monroe county.

Action by Samuel R. Artis against the Buffalo, Rochester & Pittsburgh Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

This action was commenced for the recovery of damages for personal injuries to the plaintiff, alleged to have been caused by the defendant's negligence, and at the trial at the circuit the plaintiff recovered a verdict of $6,500. The plaintiff, who was a brakeman of some experience, entered the service of the defendant in that capacity upon the 28th day of March, 1892, and at about 7 o'clock in the evening of that day he was furnished with a lantern by the defendant's night yard master, at Lincoln Park, in the city of Rochester, and was by him assigned to work in the yard with the switching crew. In the course of his employment, and shortly after he commenced work, the plaintiff went up to that part of the yard west of Lincoln Park station, to a switch where there was a train of coal cars. These cars were pulled from a side track out onto the main track. The conductor pulled a pin at the west end of the rear car, and that car was kicked easterly down the main track by the engine. Certain other cars in the train were kicked back into the side track, and another car was kicked down the main track; and the plaintiff, in attempting to couple this car to the car first above mentioned, was injured. His right hand was caught between the buffers or deadwoods, and crushed to such an extent as to require amputation between the fingers and the wrist. The plaintiff claimed that he sustained his injury by reason of a defect in the defendant's roadbed. The tracks in this yard were well ballasted, the gravel coming up to the level of the tops of the ties, with the possible exception of the point at which the plaintiff was injured, where, he testifies, there was a hole in the ballast, extending from the westerly rail to about the center of the main track, and from one tie to another,—that is, about ten inches,—and of the depth of about eight inches.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Henry G. Danforth, for appellant.
Charles Van Voorhis, for respondent.

ADAMS, J. This case is by no means free from circumstances which cast suspicion upon the bona fides of the claim which lies at its foundation. That the plaintiff, after receiving the injury complained of, and which crushed one of his hands so completely as to make subsequent amputation necessary, should deliberately request a coemployé to hold his lantern in proper position, so that he could examine and ascertain the cause of his injury, evinces a control of the nervous system so remarkable and rare that one is inclined to qualify his admiration for the courage displayed, with a slight tinge of scepticism. However, the story related by the plaintiff appears to have received the approval of the jury, and their verdict must therefore be regarded as removing the case from the realm of controversy so far as any issue of fact is concerned; and consequently the only question which demands our serious consideration is whether or not the facts testified to by the plaintiff establish any cause of action against this defendant. The most that can be claimed from the evidence, which, so far as it relates to the accident, is confined to the plaintiff's own testimony, is that this plaintiff, with considerable experience in like occupations, entered into the defendant's service on the 28th day of March, 1892; and that on that very night, while attempting, in the course of his employment, to couple two cars which were coming together upon one of the tracks in defendant's yard in the city of Rochester, he stepped into a hole which had been left between two tracks; and that, in his effort to recover himself, he involuntarily threw his arm up in such manner that his hand came between the two cars, and was crushed. He says that he then called to a man near him (who, it seems, was the defendant's witness Smith) to bring his lantern, and hold it so that he could see what was the matter, and that he then, for the first time, discovered this hole, which was about ten inches wide and eight inches deep, and which had the appearance of having been dug out so as to enable some one to tamp the ties, and then left without being refilled.

In considering the question which this state of facts presents, it may be assumed that it was the duty of the defendant to furnish the plaintiff with a reasonably safe and proper place in which to prosecute the work required of him; and there is no pretense that the obligation which thus rested upon the master in this case would not have been fully met in the conditions which surrounded the plaintiff at the time he received his injury but for this hole, for without it the place in which the plaintiff was required to render service was, for aught that appears, as safe as could reasonably have been required, and it was only rendered unsafe by the intervention of some third person, who was unquestionably a track hand, and therefore a coservant of the plaintiff, for whose negligence the defendant was in no wise responsible, unless it had either actual or constructive notice of the existence of the defect in its roadbed. Filbert v. Canal Co., 121 N. Y. 207, 23 N. E. 1104.

The evidence in the case is quite meager so far as the question of notice is concerned, but the record fairly raises the presumption that this was not regarded as a very serious factor upon the trial. It is a fact, nevertheless, that at the close of the plaintiff's case, and when the motion for a nonsuit was entertained, there was not a scintilla of evidence to prove that the excavation had existed an hour prior to the accident. The plaintiff described its appearance, which, as we have already suggested, indicated that it was occasioned by some workman in an effort to improve the condition of the roadbed, but when and by whom the plaintiff does not attempt to show. When, however, the defendant was put to its proof, it was made to appear that this track had been frequently and almost daily examined by the persons upon whom that duty rested, and that no such hole as the one described by the plaintiff had been discovered by them. The case seems, therefore, to be altogether barren of any facts on which notice to the defendant can be predicated; and, deprived of this element, it is difficult to see how it can be maintained, or to find any evidence which will sustain a verdict. Haskins v. Railroad Co. (Sup.) 29 N. Y. Supp. 274, affirmed by the court of appeals 145 N. Y. 604, 40 N. E. 164. We are consequently of the opinion that the judgment and order appealed from should be reversed.

Judgment and order reversed, and new trial granted, with costs to abide the event of this action. All concur, except WARD, J., dissenting.[1]

(1 App. Div. 157.)
## CATLIN v. RUNDLE.

(Supreme Court, General Term, Third Department. January 27, 1896.)

Appeal from Albany county court.

[1] For dissenting opinion of Ward, J., see 38 N. Y. Supp. 42.