### DETERMINED IN THE

# FOURTH DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### March, 1896.

---

SAMUEL R. ARTIS, Respondent, v. BUFFALO, ROCHESTER AND PITTS-
BURGH RAILWAY COMPANY, Appellant.

*Negligence — injury to a brakeman coupling cars caused by a defect in the road-
bed, the act of a co-servant — notice thereof.*

In an action brought to recover damages resulting from injuries caused by the
alleged negligence of the defendant, it appeared that the plaintiff was a brake-
man of some experience, who entered the service of the defendant, and on the
same night was injured, while he was attempting to couple two cars which were
coming together upon a track in defendant's yard, because of his stepping
into a hole, and, in endeavoring to recover himself, involuntarily throwing up
his arm in such a manner that his hand came between the two cars and was
crushed. Another person brought a lantern, and the plaintiff then, for the
first time, discovered a hole about ten inches wide and eight inches deep between
the two tracks, having the appearance of having been dug out so as to enable a
workman to tamp the ties, and left without being refilled.

There was no evidence to prove that the hole had existed for any length of time
whatever, and, according to the defendant's proof, the track walkers had never
discovered any such hole as that described by the plaintiff.

*Held,* that as the hole was undoubtedly excavated by a track hand, and, there-
fore, by a co-servant of the plaintiff, the defendant would not be responsible to
the plaintiff for the negligence of a co-servant unless it had either actual or
constructive notice of the existence of the defect in the roadbed;

That the case being barren of any facts upon which notice to the defendant could
be predicated, the plaintiff could not recover.

WARD, J., dissenting.

APPEAL by the defendant, the Buffalo, Rochester and Pittsburgh Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 3d day of September, 1895, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 3d day of September, 1895, denying the defendant's motion for a new trial made upon a case and exceptions.

This action was commenced for the recovery of damages for personal injuries to the plaintiff, alleged to have been caused by the defendant's negligence, and at the trial at the Circuit the plaintiff recovered a verdict of $6,500.

The plaintiff, who was a brakeman of some experience, entered the service of the defendant in that capacity upon the 28th day of March, 1892, and at about seven o'clock in the evening of that day he was furnished with a lantern by the defendant's night yard-master, at Lincoln Park, in the city of Rochester, and was by him assigned to work in the yard with the switching crew. In the course of his employment, and shortly after he commenced work, the plaintiff went up to that part of the yard west of Lincoln Park station to a switch where there was a train of coal cars. These cars were pulled from a side track out on to the main track. The conductor pulled a pin at the west end of the rear car and that car was kicked easterly down the main track by the engine. Certain other cars in the train were kicked back into the side track, and then another car was kicked down the main track, and the plaintiff in attempting to couple this car to the car first above mentioned was injured. His right hand was caught between the buffers or dead-woods, and crushed to such an extent as to require amputation between the fingers and the wrist. The plaintiff claimed that he sustained his injury by reason of a defect in the defendant's road-bed. The tracks in this yard were well ballasted, the gravel coming up to the level of the tops of the ties with the possible exception of the point at which the plaintiff was injured, where, he testifies, there was a hole in the ballast extending from the westerly rail to about the center of the main track and from one tie to another; that is, about ten inches, and of the depth of about eight inches.

*Henry G. Danforth*, for the appellant.

*Charles Van Voorhis*, for the respondent.

ADAMS, J. :

This case is by no means free from circumstances which cast suspicion upon the *bona fides* of the claim which lies at its foundation. That the plaintiff, after receiving the injury complained of, which crushed one of his hands so completely as to make subsequent amputation necessary, should deliberately request a co-employee to hold his lantern in proper position so that he could examine and ascertain the cause of his injury, evinces a control of the nervous system so remarkable and rare that one is inclined to qualify his admiration for the courage displayed with a slight tinge of scepticism. However, the story related by the plaintiff appears to have received the approval of the jury, and their verdict must, therefore, be regarded as removing the case from the realm of controversy so far as any issue of fact is concerned, and consequently the only question which demands our serious consideration is, whether or not the facts testified to by the plaintiff establish any cause of action against this defendant. The most that can be claimed from the evidence, which, so far as it relates to the accident, is confined to the plaintiff's own testimony, is that this plaintiff, with considerable experience in like occupations, entered into the defendant's service on the 29th day of March, 1892, and that on that very night while attempting, in the course of his employment, to couple two cars which were coming together upon one of the tracks in defendant's yard in the city of Rochester, stepped into a hole which had been left between two tracks, and that in his effort to recover himself he involuntarily threw his arm up in such a manner that his hand came between the two cars and was crushed. He says that he then called to a man near him, who, it seems, was the defendant's witness Smith, to bring his lantern and hold it so that he could see what was the matter, and that he then for the first time discovered this hole, which was about ten inches wide and eight inches deep, and which had the appearance of having been dug out so as to enable some one to tamp the ties, and then left without being refilled.

In considering the question which this state of facts presents it may be assumed that it was the duty of the defendant to furnish

the plaintiff with a reasonably safe and proper place in which to prosecute the work required of him, and there is no pretense that the obligation which thus rested upon the master in this case would not have been fully met, in the conditions which surrounded the plaintiff at the time he received his injury, but for this hole, for without it the place in which the plaintiff was required to render service was, for aught that appears, as safe as could reasonably have been required, and it was only rendered unsafe by the intervention of some third person, who was unquestionably a track hand, and, therefore, a co-servant of the plaintiff, for whose negligence the defendant was in no wise responsible unless it had either actual or constructive notice of the existence of the defect in its roadbed. (*Filbert* v. *Del. & Hud. Canal Co.*, 121 N. Y. 207.)

The evidence in the case is quite meagre so far as the question of notice is concerned, but the record fairly raises the presumption that this was not regarded as a very serious factor upon the trial. It is a fact, nevertheless, that at the close of the plaintiff's case, and when the motion for a nonsuit was entertained, there was not a scintilla of evidence to prove that the excavation had existed an hour prior to the accident. The plaintiff described its appearance which, as we have already suggested, indicated that it was occasioned by some workman in an effort to improve the condition of the roadbed, but when and by whom the plaintiff does not attempt to show. When, however, the defendant was put to its proof it was made to appear that this track had been frequently and almost daily examined by the persons upon whom that duty rested, and that no such hole as the one described by the plaintiff had been discovered by them. The case seems, therefore, to be altogether barren of any facts upon which notice to the defendant can be predicated, and, deprived of this element, it is difficult to see how it can be maintained or to find any evidence which will sustain a verdict. (*Haskins* v. *N. Y. C. & H. R. R. R. Co.*, 29 N. Y. Supp. 274; affd. by the Court of Appeals, 145 N. Y. 604.)

We are consequently of the opinion that the judgment and order appealed from should be reversed.

All concurred, except WARD, J., dissenting.

WARD, J. (dissenting):

I am unable to concur with a majority of the court in reversing this judgment and order and directing a new trial in the case. The plaintiff's employment with the defendant as a brakeman commenced after dark on the evening of March 28, 1892. While he had been a brakeman upon other railroads and had experience in their service, he had no knowledge at the time of the accident to him of the condition of the track upon which he was called to work or the place where he was at work, and in performing the service of attempting to couple the cars at the place of his injury, he was obeying the direction of the defendant's yardmaster, who had set him at work. There was evidence sufficient to go to the jury in the plaintiff's behalf that at the place of the injury there was a hole in the track between two ties, about eight inches deep and ten inches long, that evidently had been left there by men at work upon the track in ballasting it. There was evidence also sufficient to go to the jury that no work had been done by defendant's trackmen at that point for a considerable period of time prior to the accident, so that, if the doctrine of notice were applicable at all to this case, the jury might infer, as stated by the learned trial judge in denying the motion for a new trial herein, that "they might have found from the testimony that it [the hole] had been there some days, for it appeared that no work had been done in that place for some days." But it is difficult to see how the doctrine of notice of the defects in this track could have any application. The master's duty to provide a reasonably safe place for a new servant, ignorant of the situation, to work, cannot be delegated to any servant or employee, but whenever there is negligence in that regard, it is the negligence of the master, and not of a fellow-servant. (*Kuhn* v. *Del., Lack. & West. R. R. Co.*, 92 Hun, 74.) The prevailing opinion in this case seems to put the reversal upon the ground that the negligence, if any, in leaving this hole in the track, was that of a fellow-servant, and that, therefore, the master is exonerated. It seems to me that the bare statement of such a reason contains its own refutation. There is no claim of contributory negligence on the part of the plaintiff in this case. He was performing his duty in ignorance of the condition of the place where he was set to work at the command of the master, and in performing that duty he stepped into the hole and was maimed for life.

In my judgment the verdict was justified, and the judgment should be upheld and the motion for a new trial denied, with costs.

Judgment and order reversed and a new trial ordered, with costs to abide the event.