(22 Misc. Rep. 320.)

HAYES v. FAY.

(Supreme Court, Appellate Term. January 17, 1898.)

INJURY TO EMPLOYE—CONSTRUCTION OF SEWER—PROTECTING EXCAVATIONS.
    The provision of Consolidation Act, § 473, as amended, requiring that "all excavations * * * shall be sheet-piled where necessary to prevent the adjoining earth from caving in," relates to the construction of buildings in New York City, and affects the building and fire departments, but has no relation to excavations made in the public streets for sewerage connections.

Appeal from the city court of New York, general term.
Action by William Hayes against James Fay. From an affirmance by the general term (47 N. Y. Supp. 1137) of a judgment in favor of plaintiff, defendant appeals. Reversed.
Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.
Daniel Daly, for appellant.
W. Stainton (J. P. Berg, of counsel), for respondent.

McADAM, J. The action is by an employé of the defendant to recover damages for injuries sustained March 7, 1896, while working on 2d avenue, near 122d street, in an excavation made in the highway to connect the public sewer with adjoining property. The injuries are alleged to have been caused "by the carelessness and negligence of the defendant in not providing the plaintiff a secure and safe place to work, as was his duty to do, in that he omitted and failed to sheet-pile said excavation so as to prevent the same from becoming dangerous to life and limb, under the requirements of section 473 of chapter 410 of the Laws of 1882, and the amendments thereto made by chapter 456 of the Laws of 1885, chapter 566 of the Laws of 1887, and chapter 275 of the Laws of 1892." The statutory provisions relied on constitute section 473 of the consolidation act, and, as their title plainly indicates, relate to the

construction of buildings in the city of New York, and affect the building and fire departments of said city. The title of an act is sometimes an invaluable guide to its right construction (End. Interp. St. § 59; 1 Kent, Comm. 460, 461; Smith's Const. Const. §§ 556–558; Brinckerhoff v. Bostwick, 23 Hun, at page 239; Eby's Appeal, 70 Pa. St. 311; In re Village of Middletown, 82 N. Y. 196), particularly where it is a private or local bill, which must not embrace more than one subject, and that expressed in the title (Const. art. 3, § 16). The statute invoked by the plaintiff does not relate to excavations made in the public streets for sewerage connections. Such excavations are under the exclusive control of the common council (Consolidation Act, § 85, subd. 5), which is vested with power by ordinances "to regulate the opening of street surfaces, the laying of gas and water mains, the building and rebuilding of sewers," etc. These ordinances were not proved, do not appear in the case, and are not, therefore, before us for consideration. Independently of any statutory provision, a master is bound to furnish his servant a safe and proper place in which to do his work, and an employer, if guilty of negligent omissions to guard against dangers which he ought reasonably to have anticipated, may make himself liable to an employé injured by the caving in of an excavation supposed by the servant to have been made safe by the master before being directed to enter it. Kranz v. Railway Co., 123 N. Y. 1, 25 N. E. 206; Stuber v. McEntee, 142 N. Y. 200, 36 N. E. 878. But the difficulty is that the present action was not tried, as the cases last cited were, with reference to the peculiarities of the particular situation, but upon the erroneous assumption that, because the defendant did not comply with the provisions of section 473 of the consolidation act, supra, in regard to sheet-piling, such omission was in and of itself prima facie evidence of negligence, upon which the jury were authorized to find against the defendant. Following this theory, the court, at the plaintiff's request, charged the jury that "a person violating an express statute is a wrongdoer, and as such is negligent in the eye of the law," and that the mere "omission to comply with the statute is prima facie evidence of negligence in an action brought by one who has been injured." The defendant's counsel then requested the court to charge that the statute was inapplicable, and this request was declined. These rulings were duly excepted to. Thus the violation of the provisions of a statute having no relevancy to the issue on trial was made the test of the defendant's liability, and the question of his negligence, independently of such provisions, was entirely brushed aside. Whether sheet-piling was necessary to make the excavation reasonably safe, considering the nature of the soil, depth and width of excavation, the weather, and the alleged frozen condition of the ground at the time; whether, in view of the plaintiff's 20 years' experience on such work, the danger was at once obvious to him, and therefore one of the assumed risks of his employment (Kinsley v. Pratt, 148 N. Y. 373, 42 N. E. 986; Weston v. City of Troy, 139 N. Y. 281, 34 N. E. 780; Hickey v. Taaffe, 105 N. Y. 26, 35, 36, 12 N. E. 286; Ciriack v.

Woolen Co., 146 Mass. 182, 15 N. E. 579; Downey v. Sawyer, 157 Mass. 418, 32 N. E. 654); and whether the plaintiff himself did not create the very danger of which he complains (Collins v. Crimmins, 11 Misc. Rep. 24, 31 N. Y. Supp. 860; O'Connell v. Clark (Sup.) 48 N. Y. Supp. 74),—these were proper questions for the jury to consider before mulcting the defendant; yet the trial judge, instead of submitting them, gave a binding instruction, the effect of which was to hold the defendant a wrongdoer, and as negligent in the eye of the law. This was almost tantamount to a direction to find for the plaintiff, leaving open to the jury only the quantum of damages. For this erorr, and without considering the other objections urged by the defendant, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.