EASTLAND v. CLARKE. (Supreme Court, Appellate Division, Fourth Department. March 26, 1898.) Action by Arthur M. Eastland against Mary H. Clarke. Motion by the plaintiff for a new trial, on exceptions taken by him upon a nonsuit directed at the Monroe trial term, held in June, 1897, and ordered to be heard in the first instance at the appellate division. The action was commenced in March, 1896, to recover damages for injury to the plaintiff, an employé of the defendant, caused by falling into an unguarded hole in defendant's cellar. Henry M. Hill, for plaintiff. William A. Sutherland, for defendant.

PER CURIAM. Plaintiff's exceptions overruled, and motion denied, with costs. All concur, except WARD and GREEN, JJ., dissenting.

WARD, J. (dissenting). The defendant resided in the city of Rochester, and was the owner of premises occupied by herself and family. The plaintiff was a laborer. A tree on defendant's lot had blown down, and the defendant employed the plaintiff to cut it into wood, which he did in November, 1895. After the wood was cut, the defendant told him to put it into the cellar under her residence, and that Simeon (her butler and servant) would tell him where to put it. Simeon told the plaintiff that he could put the wood in the dark cellar, where the furnace backed up against the cellar; and the plaintiff got a large armful of the wood, and went into the dark cellar with it. The cellar

under the defendant's house was divided into several apartments. The room called the "dark cellar" was in the center of these apartments, and at no point communicated with the outside, except upon the easterly side, and was dimly lighted. The house was heated by a furnace, the southerly edge of which protruded slightly into the dark cellar from a cellar north of it. The plaintiff had no acquaintance with these cellars prior to his injury, except that he had been in the cellar once before, and he had no knowledge that there was any hole in the dark cellar; nor did the defendant, or her servant, who directed the plaintiff where to take the wood, give him any information as to this hole. The bottom of the dark cellar was cemented, and in the bottom, near the furnace, a hole had been excavated, 12 inches deep, and 16 by 18 inches in size, that had a faucet in it, and the sides and bottom of which were cemented like the floor, and the faucet was connected by a pipe to draw the water from the boiler of the furnace. The plaintiff, while carrying his armful of wood to place it where directed, stepped into this hole, and was severely injured. It was uncovered. The plaintiff testified that he saw, near by the hole, a board standing against the wall. He also testified that, in passing from the daylight into the dark cellar, he could not discover objects, and that he proceeded in the cellar as well as he could under the circumstances, with the load of wood in his arms. The defendant and her butler testified that there was a cover for this hole, that had been prepared for it, consisting of strips of boards, and that the intention was to keep the hole covered. The butler testified that, the August before, he drew the water off the furnace, and he took the cover off at that time, and was not able to state positively whether he replaced it. There was no claim by the defendant or the butler that any notice was given to the plaintiff of the existence of this hole when or before he was directed to take the wood into the cellar, or that any pains were taken by either of them to ascertain at that time whether the hole was covered. The above statement would seem to afford sufficient reasons for holding that the trial court was in error in not submitting the vital questions in the case to the jury. The jury might have found that the defendant was negligent in not informing the plaintiff of the existence of this hole, the cover of which was liable to get off and be left off, or, if they had not informed him of that fact, to have ascertained, before directing the plaintiff to go into this dark cellar, whether the hole was protected by the cover. The plaintiff had no reason to expect such a contrivance in this dark place. It is claimed that he was guilty of contributory negligence, as a matter of law, and for that reason the nonsuit should be sustained. This contention is clearly groundless. The facts above stated clearly show that the question of contributory negligence, if any question of that kind existed in the case, was for the jury. The defendant's counsel contends that if there was negligence in not apprising the plaintiff of the existence of this hole, or in not keeping it covered, it was the negligence of the butler, a fellow servant of the plaintiff. This position is not tenable. The defendant told the

plaintiff to put the wood where the butler should direct, and in giving that direction the butler represented the defendant; and putting the plaintiff at work in a place where he might be injured, without notifying him of the danger, was the act of the defendant, the master, and not that of a fellow servant. The credibility of the defendant and her butler was for the jury. Volkmar v. Railway Co., 134 N. Y. 418, 31 N. E. 870. As bearing upon this case, see Homer v. Everett, 91 N. Y. 641; Kranz v. Railway Co., 123 N. Y. 1, 25 N. E. 206. The case of Filbert v. Canal Co., 121 N. Y. 207, 23 N. E. 1104, relied upon by the defendant, is so different in its facts and the circumstances from the case at bar that it does not aid us. The plaintiff's exceptions should be sustained, and a new trial granted, with costs to the plaintiff to abide the event.