(3 App. Div. 1.)

### ARTIS v. BUFFALO, R. & P. RY. CO.

(Supreme Court, Appellate Division, Fourth Department. March 14, 1896.)

For majority opinion, see 37 N. Y. Supp. 977.

WARD, J. (dissenting). I am unable to concur with a majority of the court in reversing this judgment and order, and directing a new trial in the case. The plaintiff's employment with the defendant as a brakeman commenced after dark on the evening of March 28, 1892. While he had been a brakeman upon other railroads, and had experience in their service, he had no knowledge at the time of the accident to him of the condition of the track upon which he was called to work, or the place where he was at work; and, in performing the service of attempting to couple the cars at the place of his injury, he was obeying the direction of the defendant's yard master, who had set him at work. There was evidence sufficient to go to the jury in the plaintiff's behalf that, at the place of the injury, there was a hole in the track, between two ties, about eight inches deep and ten inches long, that evidently had been left there by men at work upon the track in ballasting it. There was evidence, also sufficient to go to the jury, that no work had been done by defendant's trackmen at that point for a considerable period of time prior to the accident; so that, if the doctrine of notice were applicable at all to this case, the jury might infer it, as stated by the

learned trial judge in denying the motion for a new trial herein, that "they might have found from the testimony that the hole had been there for some days, for it appeared that no work had been done in that place for some days." But it is difficult to see how the doctrine of notice of the defects in this track could have any application. The master's duty to provide a reasonably safe place for a new servant to work, ignorant of the situation, cannot be delegated to any servant or employé; but, whenever there is negligence in that regard, it is the negligence of the master, and not of a fellow servant. Kuhn v. Railroad Co., 92 Hun, 74, 36 N. Y. Supp. 339. The prevailing opinion in this case seems to put the reversal upon the ground that the negligence, if any, in leaving this hole in the track, was that of a fellow servant, and therefore the master is exonerated. It seems to me that the bare statement of such a reason contains its own refutation. There is no claim of contributory negligence on the part of the plaintiff in this case. He was performing his duty in ignorance of the place where he was set to work at the command of the master, and in performing that duty he stepped into the hole, and was maimed for life. In my judgment, the verdict was justified, and the judgment should be upheld, and the motion for a new trial denied, with costs.