DELANCEY JENKS, Respondent, *v.* WALTER E. THOMPSON, Appellant.

NEGLIGENCE — ERRONEOUS EXCLUSION OF TESTIMONY RELATING TO SAFETY OF SCAFFOLD. In an action for negligence and a violation of the Labor Law (L. 1897, ch. 415), in furnishing an unsafe scaffold for the plaintiff to work upon, the exclusion of testimony of experienced carpenters as to the construction and safety of the scaffold and as to the usual and customary method of constructing scaffolds, upon the ground that it was incompetent, irrelevant and immaterial, no objection having been taken to the competency of the witnesses, constitutes reversible error, and is not rendered harmless where the proof is not sufficient to justify the trial court in holding as a matter of law that the plaintiff at the time of his injury had knowledge of the risks to be incurred by working upon the scaffold and consequently assumed the risk incident to such use.

*Jenks* v. *Thompson*, 83 App. Div. 343, affirmed.

(Argued May 20, 1904; decided June 7, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 23, 1903, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*H. Snowden Marshall* and *Frederick E. Fishel* for appellant. The learned trial court committed no error in dismissing the complaint. The risk was obvious and was assumed by the plaintiff. (*Knisley* v. *Pratt,* 148 N. Y. 372; *Shaw* v. *Sheldon,* 103 N. Y. 667; *Anthony* v. *Leeret,* 105 N. Y. 591; *Hickey* v. *Taaffe,* 105 N. Y. 26; *Sweeney* v. *B. & J. E. Co.,* 101 N. Y. 520; *Crown* v. *Orr,* 140 N. Y. 450.) The trial court committed no error in excluding the testimony of the so-called experts called by the plaintiff. (*Dougherty* v. *Milliken,* 163 N. Y. 527; *Ferguson* v. *Hubbell,* 97 N. Y. 507.)

*Frank C. Avery* for respondent. The judgment below was properly reversed for the errors of the trial court in excluding the testimony offered by the plaintiff as to the nature of the material employed, as to whether the scaffold as constructed was safe, suitable and proper, and as to what was the usual and proper manner of constructing such scaffolding. (*Walters* v. *Fuller,* 74 App. Div. 388; *Finn* v. *Cassidy,* 165 N. Y. 584; *Kuhn* v. *D., L. & W. R. R. Co.,* 36 N. Y. Supp. 339; *Fox* v. *Buffalo Park,* 21 App. Div. 321; *Oties* v. *Cowles, E. S. & A. Co.,* 7 N. Y. Supp. 251; *Conrad* v. *Trustees, etc.,* 16 N. Y. 158; *Scandell* v. *C. C. Co.,* 50 App. Div. 512; *Prendible* v. *C. R. Mfg. Co.,* 160 Mass. 131.) The dismissal of the complaint could not have been sustained on the theory of the assumption by the plaintiff of the risks of the employment, because no such defense was pleaded. (*Dowd* v. *N. Y., O. & W. Ry. Co.,* 170 N. Y. 459; *Welles* v. *Celluloid Co.,* 175 N. Y. 401; *Kilkin* v. *N. Y. C. & H. R. R. R. Co.,* 76 App. Div. 529; *Scheir* v. *Quirin,* 77 App. Div. 624.) The

dismissal of the complaint could not have been sustained on the ground that the plaintiff failed to establish the negligence of the defendant. (*Stewart* v. *Ferguson*, 34 App. Div. 515, 164 N. Y. 553; *McLaughlin* v. *Eidlitz*, 50 App. Div. 518; 165 N. Y. 640; *Walters* v. *Fuller Co.*, 74 App. Div. 388; *Chaffee* v. *U. D. Co.*, 68 App. Div. 578; *Wingert* v. *Krakauer*, 76 App. Div. 34.) The dismissal of the complaint could not have been sustained on the ground of contributory negligence of the plaintiff, for this, as a question of fact, should have been submitted to the jury. (*Galvin* v. *Mayor*, *etc.*, 112 N. Y. 223; *Ireland* v. *O., etc., Co.*, 13 N. Y. 526; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 9; *Walters* v. *Fuller Co.*, 74 App. Div. 388; *McLaughlin* v. *Eidlitz*, 50 App. Div. 518; *Turler* v. *Met. Ry. Co.*, 21 Misc. Rep. 684; *Davidson* v. *Cornell*, 132 N. Y. 228.)

MARTIN, J. This action was for personal injuries alleged to have been sustained by the plaintiff's falling from an unsafe scaffold furnished for his use by the defendant in whose employ he was at the time. He was a carpenter employed by the defendant in and about the erection of a hotel at Round Island Park, and was required in the course of his employment to shingle on the outside of the structure. To do this he had to stand upon a scaffold on the outside of the building, from twenty-five to twenty-eight feet from the ground, made of three hemlock boards seven-eighths of an inch in thickness. Two were ten inches wide and the other eight. The whole width of the scaffold was from eighteen to twenty inches. The boards were supported by braces or brackets nine feet apart. The plaintiff was at work on this scaffold trimming shingles when he encountered a knot and had to use upward pressure in cutting through it with a chisel. While doing so the knot gave way, the scaffold sprang up, and he was thrown to the ground and sustained serious injuries. The defendant was charged with negligence and a violation of the Labor Law in furnishing an unsafe scaffold for the plaintiff to work upon.

At the close of the plaintiff's evidence the defendant moved to dismiss the complaint upon the grounds : " 1. That the plaintiff has failed to prove the cause of action ; 2. Failed to show negligence on the part of the defendant ; 3. Failed to show freedom from contributory negligence on his own part ; and, 4. On the further ground that he had full and complete knowledge of the risk, and acts or negligence, that he charges in the complaint, and continued in the work after acquiring such knowledge, and therefore assumed the risks which cause the accident." This motion was granted and the plaintiff excepted.

On the trial one Carr was called as a witness and testified that he was a carpenter and had been for twenty years. Thereupon the facts, circumstances and conditions as to the scaffold and its manner of construction, as established by the plaintiff's proof, were stated to the witness in a hypothetical question, and he was asked whether, in his opinion, a scaffold so constructed was a safe and proper place on which to work in the manner described in the evidence. This was objected to as incompetent, irrelevant and immaterial and not a subject for expert testimony. The objection was sustained and the plaintiff excepted. The witness was then asked : " Is a scaffold such as I have described and constructed as I have described, and used as I have described, in your opinion, a safe, suitable or proper scaffolding so constructed as to give proper protection to the life or limb of the person employed or engaged upon it as I have described ? " The same objections were interposed, were sustained and the plaintiff excepted. After testifying that in different parts of the country scaffolds are built in different ways, he was asked in his opinion and from his experience what was a safe and suitable way to construct a scaffold. This was objected to, sustained and an exception taken by the plaintiff. Subsequently the witness Hartley was called and testified that he was a carpenter and builder ; had been engaged in the business for more than twenty years ; had used various kinds of wood in his business ; knew the nature of hemlock wood ; stated that hem-

lock is a coarse grained wood and usually full of knots, and he was then asked: " Is not hemlock a very springy wood, liable to give with pressure and to spring up when the pressure is removed?" This was objected to, the objection was sustained and an exception taken by the plaintiff. He then testified : " I have had to do with the building of scaffolds ; I have built scaffolds for men' to work upon." The plaintiff then asked: " Is a scaffold built out of hemlock wood, so arranged that there are three planks of hemlock wood resting on supports nine feet apart, the wood being seven-eighths inch thick, a safe and suitable scaffold for a man to work upon, weighing about 120 pounds?" This was objected to as incompetent, immaterial and irrelevant. The evidence was excluded and the plaintiff excepted. The witness also testified that he was familiar with the usual and customary method of constructing scaffolds in the state of New York; that he worked in the state of New York, and he was then asked to state what is the custom in New York with regard to building scaffolds for men to work upon. This was objected to as incompetent, irrelevant and immaterial, the objection was sustained and the plaintiff excepted. Then followed this question : " Is there a general custom as to the building of scaffolds in New York by contractors for carpenters to work upon ? A. Yes, sir, according to the kind of work that is performed on the scaffold. Q. State that custom." Objected to as incompetent, irrelevant and immaterial, the objection was sustained, exception by the plaintiff.

That the trial court erred in rejecting much of this evidence there can be no doubt. It was not objected to or rejected because of the incompetency of the witnesses. If that had been the objection, it would have been a fair matter for the judgment of the trial judge to determine whether the witnesses had the requisite knowledge or qualifications to give an opinion or state facts as experts, and would not be a subject for review unless against the evidence or without support in the facts appearing in the case. But the rules determining the subjects upon which experts may testify are ques-

tions of law. The latter is the character of the rulings in this case, as the only objection was that the evidence was incompetent, irrelevant and immaterial, and it was rejected upon that ground. (*Slocovich* v. *Orient Mut. Ins. Co.*, 108 N. Y. 56.) Obviously the evidence offered was competent, relevant and material, as is well settled by authorities in this state and elsewhere. (*Conrad* v. *Trustees Village of Ithaca*, 16 N. Y. 158, 173; *Finn* v. *Cassidy*, 165 N. Y. 584; *Prendible* v. *C. R. Mfg. Co.*, 160 Mass. 131; *Fox* v. *Buffalo Park*, 21 App. Div. 321; affirmed, 163 N. Y. 559; *Kuhn* v. *D., L. & W. R. R. Co.*, 77 Hun, 389; *S. C.*, 92 Hun, 74; affirmed, 153 N. Y. 683.) Nor was the ruling of the trial court justified by the case of *Dougherty* v. *Milliken* (163 N. Y. 527), as in this case the plaintiff sought to establish material facts that were not of common knowledge, but known to men of experience, which enabled them to give the facts and their conclusions to aid the jury in determining the question before them, which they might accept or not.

By appealing to this court the appellant has taken the risk not only of any questions considered by the court below, but also of any and all exceptions appearing in the record. So that if there are any legal errors committed by the trial court the order appealed from must be sustained, whether they were noticed by that court or not, and judgment absolute must be directed against the appellant unless they are absolutely harmless. (*Mackay* v. *Lewis*, 73 N. Y. 382; *Noyes* v. *Wyckoff*, 114 N. Y. 204, 206; *Reed* v. *McConnell*, 133 N. Y. 425, 430; *Foster* v. *Bookwalter*, 152 N. Y. 166; *Bank of China* v. *Morse*, 168 N. Y. 458, 483.)

The appellant contends that the errors in excluding the foregoing evidence were harmless, for the reason that the trial court was required, as a matter of law, to dismiss the complaint upon the ground that the plaintiff, at the time of his injury, had full and complete knowledge of the risks to be incurred by working upon the scaffold erected by the defendant for his use, and, consequently, that he assumed the risks incident to such use. The proof discloses that the plaintiff

knew nothing of the particular portion of the scaffold in use by him when the accident occurred until about half an hour before, although he had been working on that building for about three hours and a half. He seldom worked upon scaffolds, as his work was mostly on the inside. He did not notice the scaffold when he went out there, and his mind was busy. In walking upon it, he had noticed that it was springy, and that the boards were not nailed. He knew that it was composed of three boards or planks, laid upon joists or brackets, but we find no evidence to show that he had any knowledge that the boards were hemlock only seven-eighths of an inch in thickness and laid upon brackets nine feet apart. The proof was not, we think, sufficient to justify the trial court in holding, as a matter of law, that the scaffold was obviously unsafe, or that the plaintiff had such knowledge of the manner of its construction and of the materials employed, as to require the legal conclusion that he knew all the facts, or that they were obvious, and that in using it he voluntarily assumed the risks of its safety. He had the right to assume that the defendant had performed the duties imposed upon him by law, or if not, that he would be notified. "It is well settled that the risks of the service a servant assumes in entering the employment of a master are those only which occur after the due performance by the employer of those duties which the law enjoins upon him." (*Knisley* v. *Pratt*, 148 N. Y. 372, 378; *Benzing* v. *Steinway and Sons*, 101 N. Y. 547, 552; *McGovern* v. *Central Vermont R. R. Co.*, 123 N. Y. 280; *Simone* v. *Kirk*, 173 N. Y. 7, 13.)

The liability of the defendant for breach of duty under the Labor Act is plainly established and not seriously denied. (*Knisley* v. *Pratt*, 148 N. Y. 372; *Stewart* v. *Ferguson*, 164 N. Y. 553; *Marino* v. *Lehmaier*, 173 N. Y. 530.) Hence, the defendant's liability being established, the burden of showing that the plaintiff assumed the risks of the insufficiency of the scaffold rested upon the defendant. (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459, 472.) Although it was unnecessary to plead the plaintiff's assumption of

obvious risk as a defense, still the proof was insufficient to justify the trial court in holding as a matter of law that the plaintiff could not recover upon that ground. ( *Welle* v. *Celluloid Co.*, 175 N. Y. 401, 405.)

Upon the proof in this case it cannot, we think, be properly held, as a matter of law, that the risks incurred by the plaintiff were so obvious and so fully known and understood that they were assumed by him. It follows, therefore, that the order appealed from must be affirmed and judgment absolute· ordered for the plaintiff upon the defendant's stipulation, with costs.

PARKER, Ch. J., O'BRIEN, CULLEN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., absent.

Order affirmed, etc.