## HOHL v. HEWITT MOTOR CO.

### (Supreme Court, Appellate Term.  April 10, 1907.)

**1. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS—PERSONS EXERCISING SUPERINTENDENCE.**

Employer's Liability Act, Laws 1902, p. 1748, c. 600, § 1, makes a master liable where an injury is caused to an employé by reason of any defect in the machinery through the negligence of the master, or of any person in his service intrusted with the duty of seeing that the machinery was in proper condition. *Held,* that where a lathe operator in a machine shop reshaped a back center of the lathe, and the master's blacksmith then retempered it, but failed to do so in a proper manner, whereby it broke and injured the operator, the blacksmith, in tempering the back center, represented the master within the statute.

**2. SAME—ASSUMPTION OF RISK.**

Where, after a lathe operator in a machine shop had reshaped a back center of the lathe, the master's blacksmith retempered it, but did so improperly, so that it subsequently burst, injuring the lathe operator, and it appeared that he tested the center after the accident by filing it, which was the proper test, the defect in tempering having been concealed and unknown to him, there was nothing to show that he assumed the risk.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 610–624.]

**3. SAME—QUESTIONS FOR JURY.**

In an action for injuries to a servant, the questions of negligence and contributory negligence *held* for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010, 1089–1132.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Max P. Hohl against the Hewitt Motor Company. From an order setting aside a verdict in favor of plaintiff, he appeals. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Charles La Rue, for appellant.
Winter & Winter, for respondent.

GILDERSLEEVE, P. J.  Plaintiff, a lathe operator in a machine shop, reshaped a back center of the lathe, and the defendant's blacksmith retempered it.  This appears to be the usual method of machine repair in the shop.  Plaintiff replaced the repaired back center and resumed his ordinary machine-shop work.  Subsequently, while so engaged, this back center broke, and a piece of it injured plaintiff's eye.  The plaintiff qualified as an expert witness, for a long time familiar with the character of steel and an expert machinist.  He then testified that he had tested the back center after the accident by filing it, which is apparently admitted to be the proper test, and that the temper of the back center had not been changed between the time of the accident and the time he tested it, because the surface of the fracture remained unchanged, which could not be the case if it had been heated sufficiently to affect the temper.  He then testified that he found it tempered too

hard, so that it had been rendered brittle, and therefore had broken. There is some conflict of proof, and the issues were submitted to the jury, who found a verdict for plaintiff. A motion was made to set aside the verdict "as against the weight of evidence and against the law, and for the reasons stated in section 999 of the Code." Decision was reserved, and subsequently the motion was granted, without opinion, by the learned court below.

The employer's liability act makes a defendant responsible for a defect in "machinery * * * where * * * personal injury is caused to an employé * * * by reason of any defect in the condition of the * * * machinery connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways * * * or machinery were in proper condition." Laws 1902, p. 1748, c. 600, § 1. It is under this statute that the action is brought. As the blacksmith was the person in the service of the employer intrusted with the duty of "tempering," it can hardly be claimed that he was not at the same time intrusted with the duty to see that it was tempered properly. After the completion of the repair, the plaintiff, in operating the machine on ordinary machine-shop work, did not assume the unknown, concealed danger of the defect in temper caused by defendant's blacksmith. The defect in tempering was concealed and unknown, and there is nothing to show that plaintiff assumed the risk. See Jenks v. Thompson, 179 N. Y. 26, 71 N. E. 226.

After the completion of the repair, the defendant became responsible to the plaintiff, while he was operating the machine on ordinary machine-shop work, for any previous negligence of its representative, the blacksmith, in repairing machinery for an employé, within the scope of the employer's liability act. The statute places the affirmative duty on defendant of using due care in providing machinery, and as to its servant engaged in using its machinery it cannot disclaim responsibility for the acts of those whom it employs to provide or remake such machinery. The negligence of the blacksmith was the negligence of the employer, this defendant. The question of the defendant's negligence is within this statute, and was for the the jury to determine, as was also the question of plaintiff's contributory negligence. There was sufficient evidence to sustain the verdict in favor of plaintiff, and it was error to set it aside.

The order should be reversed, and the verdict reinstated, with costs. All concur.