WELLS v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

1. MUNICIPAL CORPORATIONS—STREETS—OBSTRUCTIONS—LIABILITY.

Whoever obstructs the street by a structure or incumbrance without a license creates a nuisance, rendering him liable for injuries resulting therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1688, 1689.]

2. SAME—EVIDENCE.

In an action against an abutting owner for injuries caused by obstructions in a street, the character of the incumbrance and its position at the time and place of the accident having been proved, evidence of the length of time that such obstruction remained on the street, and that other articles of like size and character were upon the premises of defendant, with the uses to which put, taken in connection with the fact of the exclusive ownership by defendant of all the adjacent land and the building thereon upon the block and the extraordinary size and character of the obstruction itself, was admissible on the question of identity and ownership.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1726–1729.]

Appeal from Trial Term.

Action by Frederick L. Wells, an infant, by Manley D. Wells, his guardian ad litem, against the Interborough Rapid Transit Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Kneeland, La Fetra & Glaze (E. B. La Fetra, of counsel), for appellant.

Charles A. Gardiner (Bayard H. Ames and Walter H. Wood, on the brief), for respondent.

CLARKE, J. Action to recover damages for personal injuries received by the infant on October 31, 1903, at about 11 p. m. The accident occurred while the infant, then about 11 years of age, was walking south along the east side of Lexington avenue, between Ninety-Eighth and Ninety-Ninth streets, in the borough of Manhattan, New York City, in company with two other boys. Along the easterly building line, occupying the entire length of the block, was defendant's one-story brick building, with entrances to the avenue. To the north were its railroad tracks, separated from the

avenue by a fence. Car tracks ran from its property on the westerly side of the avenue into these yards. The sidewalk upon the easterly side of the street was flagged through its center from Ninety-Eighth to Ninety-Ninth streets. This flagging was about two feet wide. To the east of the flagging, and between it and the building line, were earth and granite blocks. To the west, between it and the curb, were likewise earth and granite blocks. The infant at the time lived on Third avenue, between Ninety-Seventh and Ninety-Eighth streets. The night in question being Hallowe'en, he had been playing during the evening with other boys; but they had ceased their play, and he was then on his way home. About the middle of the block, and in front of the defendant's building, there was standing on end, with its legs in the air and turned towards the wall, a large, heavy wooden table or platform, made of birch or maple, about six feet square. A few feet south stood another table upon its four feet. As the boys approached this table, they separated to permit a lady and gentleman to pass on the sidewalk between them. Wells turned in towards the building, and as he passed the table it fell upon him. It required six or seven men to lift it from him. It was found that his leg was broken. He was subsequently taken away in an ambulance to the hospital and remained there a considerable time. Because of the injuries so received this action was brought.

These tables were in the public street immediately in front of the defendant's property, which occupied the whole block. Evidence offered to prove the length of time before and after the accident the table was on the street, that similar tables were upon the defendant's premises, and the purposes for which they were used, was excluded. Evidence offered tending to show ownership by the defendant and responsibility on its part for the presence of the table upon the public street having been excluded, the complaint was dismissed, upon the ground that the liability of the defendant had not been established. The public streets are primarily for public travel, and whoever obstructs the same by structure or incumbrance without license creates a nuisance. Abutters may use the streets adjacent to their premises in a reasonable manner for loading and unloading goods, wares, and merchandise. No license to occupy the street with the table complained of was pleaded by the defendant. The character of the incumbrance and its position at the time and place of the accident having been proved, evidence of the length of time that the table remained upon the street, that other tables of like size and character were upon the premises of the defendant, and the uses to which put, taken in connection with the fact of the exclusive ownership and possession by defendant of all the adjacent land and the building thereon upon the block, and the somewhat extraordinary size and character of the obstruction itself, was admissible upon the question of identity and ownership. If the evidence had been admitted, a prima facie case might have been made, which the defendant would have been required to meet. We think that competent evidence was excluded, and so

the dismissal of the complaint at the close of the plaintiff's case was error.

The judgment appealed from should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.