new promise not collateral to and independent of, but wholly founded upon, the illegal contract, is tainted by the same illegality. McMullen v. Hoffman, 174 U. S. 639, 19 Sup. Ct. 839, 43 L. Ed. 1117. And see Gray v. Hook, 4 N. Y. 449. It may be that the defendant has the fruits of the illegal contract, but the law refuses its aid to maintain its own purity and for the sake of morality, not on account of the defendant. Knowlton v. Congress & Empire Spring Co., 57 N. Y. 518; Embrey v. Jemison, 131 U. S. 336, 9 Sup. Ct. 776, 33 L. Ed. 172; Coppell v. Hall, 7 Wall. 542, 19 L. Ed. 244; Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539.

Complaint is also made because of the direction of a verdict in favor of the defendant on the counterclaim, on the ground that there was no evidence to justify it; but that position is untenable. One of the plaintiff's exhibits contains an account kept by Burke, showing an indebtedness which, with interest, amounted to as much as, or more than, the sum for which the verdict was directed. That evidence was in the case for whatever it was worth, and, as both sides moved, the question was for the court.

The judgment is affirmed.

Judgment and order affirmed, with costs. All concur.

---

PAULDING v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. April 30, 1909.)

1. RAILROADS (§ 274*)—INJURIES TO PERSONS AT STATIONS—CARE REQUIRED.

A railroad company, permitting the use of its station as a post office, is bound to exercise reasonable care to protect persons so using the premises from injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–872; Dec. Dig. § 274.*]

2. RAILROADS (§ 282*) — INJURIES TO PERSONS AT STATION — ACTIONS FOR INJURIES—QUESTIONS FOR JURY—NEGLIGENCE.

Whether the running of a train at the rate of 35 miles an hour past a station used as a post office, without warning of its approach, the track being curved and the clear space of the platform less than 5 feet, was negligence, *held*, in an action for the death of a person who was struck, for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 917; Dec. Dig. § 282.*]

3. RAILROADS (§ 278*) — INJURIES TO PERSONS AT STATIONS — CONTRIBUTORY NEGLIGENCE.

It was not negligence for a child, at a railroad station to get the mail, the station being also the post office, to step out on the platform from the front door in the performance of her errand, and she was not bound to look and listen for an approaching train, and had a right to assume that the railroad company would not so operate its trains as to make them a menace to her safety.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

Appeal from Trial Term, Westchester County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Henry T. Paulding, as administrator of the estate of Ethel M. Paulding, deceased, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

John F. Brennan, for appellant.

Edwin V. Guinan (Cornelius J. Earley, on the brief), for respondent.

WOODWARD, J. Plaintiff's intestate, a girl 12 years of age, was sent to the defendant's station, which was likewise the village post office (the postmistress and the station agent being one and the same person), for her father's mail. She stepped out of the front door of the post office onto the station platform and was struck by a passing train, running at 35 miles an hour, and killed. The clear space of the platform, the jury might have found, was less than 5 feet wide, and the theory of the plaintiff is that the decedent was caught in the swirl of the passing train, and drawn toward it across this narrow platform, and was struck by the cars. No one saw the accident. The nearest approach to an eyewitness was one who saw the child rolling along the platform after she had been struck, and just what decedent did will probably never be known. However, the evidence indicates that the train must have been very near when the child stepped out upon the platform, and the jury might infer, from the facts and circumstances disclosed, that she did not walk heedlessly into the pathway of this train.

The negligence of the defendant, relied upon on the part of the plaintiff, was the fact of running this train past this station, used as a post office, at a high rate of speed, without giving warning of its approach, witnesses testifying that no whistle was blown or bell rung, and we are of the opinion that a question was presented for the jury. The defendant permitted the use of its station as a post office. It thus invited people, other than its passengers, to make use of the building and the platform, and it owed the duty to exercise reasonable care to protect those who were thus lawfully and properly upon the premises. Whether it was exercising reasonable care in operating its train past this station, without giving warning of its approach, in view of the construction of the curved track, the narrow platform, and all the surrounding circumstances, was a question of fact for the jury to determine. This was not the case of one driving or walking upon a railroad track—the plaintiff's intestate does not appear to have been upon the track at all, for the evidence does not indicate that she was struck by the engine—but was one where the decedent was properly upon the defendant's premises, by its implied invitation, and if the surroundings were such as to make it obviously dangerous to operate its trains past this station at 35 miles per hour, without giving warning, then the jury might properly find that it was negligent in so doing.

On the question of contributory negligence the courts have held that comparatively slight evidence will support a judgment where the per-

son injured is killed and there is no eyewitness of the occurrence, for the obvious reason that to hold otherwise would be to deny justice in many instances. It is plain that the decedent had not left the platform—that she had not stepped upon the track, for it is not claimed by any one that she was struck by the engine. The platform was less than 5 feet in width in front of the door. She had only just stepped out a moment before the accident, and it is unthinkable that a girl 12 years of age would have deliberately walked into collision with a passing train running at the rate of speed testified to by the witnesses. The inference might, therefore, be properly drawn that this child was drawn into contact with the train by the force of the suction of the passing train, and that the accident occurred without any act of negligence on her part; for it was not negligent of her to step out upon this platform in the performance of her errand to the station, and she was not bound to look and listen for an approaching train. She had a right to assume that this platform maintained by the defendant was reasonably safe for her occupancy; that the defendant would not so operate its trains as to make them a menace to her safety while she was there and exercising reasonable care to keep away from trains which were passing.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.