MILLER v. LEVERING & GARRIGUES CO. (Supreme Court, Appellate Term. December 23, 1910.) Appeal from City Court of New York, Trial Term. Action by Harry H. Miller against the Levering & Garrigues Company. From a judgment of the City Court of the City of New York, dismissing the complaint at the close of plaintiff's case, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed. Ernest H. Jurgens (Clifford C. Roberts, of counsel), for appellant. Frank V. Johnson (Allan E. Brosmith and Joseph F. Murray, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

GAVEGAN, J. (dissenting). The plaintiff, a bricklayer in the employ of A. J. Robinson Company on the day of the accident, was at work on a scaffold outside of a new building in process of construction at the corner of Fourth avenue and Twenty-Seventh street, New York City. While so engaged he was struck on the head by some missile which fell from above, causing the injuries complained of. Applying the "most favorable inference" rule to the evidence, it appears that the cause of the accident was the falling of an iron bolt, which was received in evidence without objection. It also appears that iron workers in the employ of the defendant were working at the time of the accident directly above the plaintiff. Evidence that employés of 14 different contractors were at work in and about the building made it incumbent upon the plaintiff to identify the employé or employés of the particular contractor responsible for plaintiff's injuries. It was not necessary, however, to prove by direct evidence that the plaintiff's injuries were traceable to the defendant's employés; but the circumstances and conditions at the time and place of the accident may be shown, in order that the jury may reasonably reach the conclusion that the accident was caused by the defendant's negligence. Harrison v. N. Y. Central R. R. Co., 195 N. Y. 86, 87 N. E. 802; Paulding v. Same, 132 App. Div. 68, 116 N. Y. Supp. 518. I am of the opinion, therefore, that under these authorities the plaintiff's proof, as it stood, entitled him to go to the jury. But the exclusion by the trial court of testimony tending to connect the defendant with the accident furnishes a more positive ground for reversal in this appeal. As the plaintiff was busily engaged in his work he could not be looking upward all the time. In his proof he was compelled to resort to a process of elimination, and in that way endeavored to show what particular kind of bolt the one received in evidence was, and for what purpose and by what workers in and about the building it was used. I think the trial court erred in excluding evidence of this

character. There was no objection as to the competency of the witnesses whose testimony was offered to prove these essential facts, but merely a general objection. They had been employed on buildings of the same character as the one in which this accident happened from 15 to 25 years, and were familiar with the various materials used and the purposes for which they were used by the several contractors. There was sufficient evidence to show that the bolt received in evidence was the identical bolt which struck the plaintiff, and expert testimony was admissible to enable plaintiff to show the purpose for which and the contractors by whom bolts of a similar kind were used. Jenks v. Thompson, 179 N. Y. 20, 71 N. E. 266; Wells v. Interborough, 124 App. Div. 631, 109 N. Y. Supp. 231. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.