SEIPEL v. KRANICH & BACH.

(Supreme Court, Appellate Term. May 18, 1911.)

MASTER AND SERVANT (§ 265*)—INJURIES TO SERVANT—ASSUMED RISK—NOTICE.

Under Labor Law (Consol. Laws 1909, c. 31) § 202, providing that an employé shall not be entitled to compensation, where he knew of a defect or negligence which caused his injury, and failed to give notice thereof to his employer, unless the employer already had such notice, the defense of assumption of risk covered by such section is an affirmative one, the burden of which is on the employer.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 265.*]

Appeal from City Court of New York, Trial Term.

Action by Louis Seipel against Kranich & Bach, a corporation. From a judgment dismissing the complaint, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, GUY, and BIJUR, JJ.

Grauer & Rathkopf (Joseph G. Grauer and Charles A. Rathkopf, of counsel), for appellant.

Frank V. Johnson (E. Clyde Sherwood, of counsel), for respondent.

BIJUR, J. The action was brought for injury suffered by plaintiff by reason of defendant's negligence in not providing a safe place in which plaintiff might work. The motion for a dismissal of the complaint was made on the grounds: (1) That no negligence upon the part of the defendant was shown. (2) That plaintiff showed himself to be guilty of contributory negligence. (3) That no notice of the defect in the floor of defendant's factory, of which complaint was made, was shown to have been given by plaintiff, or to have been possessed by defendant, under the provisions of section 202 of the labor law (Consol. Laws 1909, c. 31).

As to the first two grounds of the motion, it is sufficient to say that there was enough evidence in plaintiff's favor to warrant the submission of the case to the jury. The only remaining question, therefore, is whether plaintiff is precluded from recovering because he did not prove that he gave notice to the defendant or that defendant had knowledge of the defect. These two factors, which section 202 enacts as sufficient to defeat plaintiff's recovery, are elements in the defense of assumption of risk as covered by section 202. That defense, it has been held repeatedly in this state, is an affirmative one, the burden of proving which rests with the defendant. Dowd v. N. Y., O. & W. Ry. Co., 170 N. Y. 459, 63 N. E. 541; Jenks v. Thompson, 179 N. Y. 20, 25–26, 71 N. E. 266. See, also, Urquhart v. Smith & Anthony

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Co., 192 Mass. 257, 78 N. E. 410; Connolly v. City of Waltham, 156 Mass. 368, 31 N. E. 302.

Respondent makes a point of claiming that the notice served under the employer's liability act was insufficient, because it failed to specify that it was served pursuant to that act. The point is groundless, in view of that express recital in the last paragraph of the notice.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.