VINCENT PASSARELLI, Respondent-Appellant, v. 200 E. 58th ST. AGENCY CORP. et al., Appellants, and UNITED HOISTING COMPANY, INC., Respondent.—In a negligence action to recover damages for personal injuries, (1) defendants 200 E. 58th St. Agency Corp., Dworman Building Corp., Lester J. Dworman and Alvin Dworman, individually and as copartners doing business under the name of Dworman Associates, appeal (a) from a judgment of the Supreme Court, Queens County, entered June 14, 1968, (i) in favor of plaintiff against said defendants upon a jury verdict of $750,000, (ii) in favor of defendant United Hoisting Company, Inc., against plaintiff, also on the jury verdict, and (iii) in favor of defendant United Hoisting Company, Inc., against the appealing defendants upon the trial court's dismissal of the latter defendants' cross complaint; and (b) as limited by their brief, from so much of an order of said court, entered August 23, 1968, as, in resettling the judgment, reiterated the above-described provisions; and (2) plaintiff cross-appeals from so much of the resettled judgment as is in favor of defendant United Hoisting Company, Inc., against him. Appeal from judgment entered June 14, 1968, dismissed as academic, without costs. That judgment was superseded by the resettled judgment. Resettled judgment modified, on the law, by (1) striking therefrom the decretal paragraph in favor of plaintiff against the appealing defendants, (2) granting a new trial as between plaintiff and said defendants, with costs as between said parties to abide the event, and (3) severing the action as to said parties. As so modified, judgment affirmed, with costs to defendant United Hoisting Co., Inc., against the appealing defendants. The findings of fact have not been affirmed except as herein specified. In our opinion, the Trial Justice's charge to the jury was seriously prejudicial to the appealing defendants (hereafter called "the Dwormans"). By the tenor of his remarks, the Justice could have left but little doubt in the minds of the jury of his opinion that the posture of the proof not only called for a verdict in plaintiff's favor, but an exceedingly high one as well. In addition, it was erroneous to submit for the jury's consideration a New Jersey regulation which prohibited the use of the bell and cord signal system in question (cf., e.g., *Schuster* v. *City of New York*, 5 N Y 2d 75; *Gallagher* v. *St. Raymond's R. C. Church*, 21 N Y 2d 554; in both of which cases the Court of Appeals used New York legislation as a guideline for finding common-law negligence; see, also, *Jenks* v. *Thompson*, 179 N. Y. 20, in which an expert was allowed to testify as to prevailing custom and usage). In the interests of justice a new trial is required as to the Dwormans. However, we affirm the jury's implicit finding that there was sufficient evidence tending to connect appellant Dworman Associates with the accident in which plaintiff was injured. With respect to respondent United Hoisting Co., Inc. (hereafter called "United"), there is sufficient evidence in the record for us to affirm the jury's exoneration of it on

the ground that the signal system did not contain a latent defect or an inherent danger (see *Campo* v. *Scofield*, 301 N.Y. 468, 471). Accordingly, United should not be required to defend a suit by plaintiff again. Furthermore, because of this exoneration the trial court was justified in dismissing the Dwormans' cross complaint against United. There being an implicit finding in the jury's verdict that no latent defect or inherent danger was present, any defect or danger in the system would have to be a patent one which would appear in the operation thereof. Since the Dwormans were responsible for the safe operation of this machinery, their active negligence in operating it precludes them from being indemnified by United for any recovery plaintiff might have against them in the absence of any specific contractual provision for such indemnity, especially in light of their nondelegable statutory duty to provide plaintiff with a reasonably safe place to work (Labor Law, §§ 200, 241; *Semanchuck* v. *Fifth Ave. & 37th St. Corp.*, 290 N. Y. 412, 421–422; *Walters* v. *Rao Elec. Equip. Co.*, 289 N. Y. 57; cf. *Putvin* v. *Buffalo Elec. Co.*, 5 N Y 2d 447, 456; *Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36, 41). Munder, Martuscello and Kleinfeld, JJ., concur; Hopkins, Acting P. J., and Benjamin, J., concur in part and dissent in part and vote to reverse the judgment in its entirety and grant a new trial as to all the parties, on the complaint against all defendants and on the cross complaint of the appealing defendants against defendant United Hoisting Company, Inc., with the following memorandum: Plaintiff, a construction worker, was injured in New York City when a hoist suddenly rose and crushed him between the hoist platform and the safety bar of the hoistway. He sued the owner of the building (200 East 58th St. Agency Corp.), the general contractors (Dworman Building Corp. and Dworman Associates), and the company that supplied the hoist and was responsible for its maintenance and repair (United Hoisting Co., Inc., a New Jersey corporation). The owner and general contractors cross-claimed against United. Briefly, plaintiff's proof was that no signal had been given to raise the hoist; the defense proof was that a signal had been given. The signal system of the hoist was a bell and cord system that had been in use for the past 50 years. Eight months after this accident, the State of New Jersey, by statute, prohibited the use of such system. At the trial, a safety engineer employed by the State of New Jersey testified that this system was unsafe because it permitted unintentional signalling, with resultant danger to workers, and that it was for this reason that New Jersey had prohibited it. This testimony came in without objection and was referred to in the summations of plaintiff's and defendants' counsel. In its charge, the trial court referred to this testimony and to testimony by defense experts that the bell and cord system is permitted in New York; it referred to other testimony concerning the custom and usage in the construction industry, as bearing upon the reasonableness of the general contractors' conduct; it pointed out that the prohibition of the bell and cord system in New Jersey does not mean that it should not be used in New York; and it then charged the following: "It means only that in your deliberations you may, if you want to, consider what the construction industry in New Jersey does and what the policy of New Jersey is as bearing upon the issue of whether the bell and cord system affords workmen reasonable protection  *  *  *. The policy of the State of New Jersey in prohibiting the use of the bell and cord system may be used, if you want to, by you only as one of the factors in determining the basic question of whether Dworman reasonably provided a safe place to this plaintiff in which to work.  *  *  *  Now the mere fact that it [the bell and cord system] is permitted in New York does not by itself absolve Dworman of their responsibility to provide the plaintiff with a safe place to work, any more than the prohibition of the bell and cord system in New Jersey does not by itself justify your giving the plaintiff a verdict". The majority is

holding that it was error to submit to the jury, for its consideration, the New Jersey statute prohibiting the bell and cord system. We disagree. In our opinion, the above-quoted section of the charge was proper for a number of reasons. As above noted, the testimony concerning the New Jersey statute was received without objection and was referred to in the summations of counsel for both sides. Hence it was proper to submit it to the jury for its consideration (*Ryan* v. *Samarco*, 30 A D 2d 767). Apart from this, we believe this part of the charge was correct on the law. Proof of custom and usage in other parts of the country is admissible on the question of safe construction (cf. *Cole* v. *New York Racing Assn.*, 17 N Y 2d 761; *Jenks* v. *Thompson*, 179 N. Y. 20). Inapplicable statutes may be used as a guide in determining the question of what is reasonable care under common-law principles, since " Statutes have played their part in the formation of the common law, and, like court decisions that are not strictly analogous, sometimes point the way into other territory when the animating principle is used as a guide" (*Schuster* v. *City of New York*, 5 N Y 2d 75, 86; see, also, *Gallagher* v. *St. Raymond's R. C. Church*, 21 N Y 2d 554, 558). The fact that the subject statute was enacted by New Jersey, rather than New York, is in our view unimportant, since (a) legislative safety standards are logically as relevant as safety standards set by custom, and custom outside New York is admissible on this question; and (b) certainly, safety standards governing construction work in Jersey City (which is part of the New York metropolitan area) are logically more relevant to those in New York City than safety standards in a rural area like New York State's Hamilton County, whose total population is only about 4,000. Nor is it material that the subject statute was enacted after this accident, since a post-accident safety statute may be considered as a guide in determining the question of reasonable care under common-law principles (*Gallagher* v. *St. Raymond's R. C. Church*, 21 N Y 2d 554, 557–558, *supra*; *Edmonds, Inc.* v. *Vojka*, 332 F. 2d 309; *Curtis* v. *District of Columbia*, 363 F. 2d 973). For the foregoing reasons, then, we believe it was not error to submit the New Jersey statute to the jury for its consideration on the issue of reasonable care. We do, however, agree that reversal is required as to the owner and general contractors because of other prejudicial matter in the court's charge. But, because of our conclusion that it was not error to charge the New Jersey statute, because that statute prohibits the type of hoist that United (a New Jersey company) furnished and maintained, because the jury found that the owner and general contractors had failed to provide a safe hoist, and because United's conduct was inextricably intertwined with that of the owner and general contractors in the furnishing and maintenance of the hoist, we believe that the interests of justice require that United be brought back into the case as a party defendant on the retrial of this action (cf. *Matlick* v. *Long Is. Jewish Hosp.*, 25 A D 2d 538). We therefore conclude that the judgment insofar as it is in United's favor should also be reversed and a new trial granted as to it as well as to the other defendants. In view of that conclusion, the interests of justice also require that the cross complaint against United be reinstated.