■ MERLE RAINEY, as Administratrix of the Estate of HERBERT S. RAINEY, SR., Deceased, Appellant, v. CITY OF NEW YORK, Respondent.— ■

Christ, P. J., Munder, Martuscello and Latham, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: I agree with the majority's conclusion that the testimony as to prior similar accidents was improperly excluded. But I disagree with its conclusions (a) that the expert's opinion testimony as to the unsafe design and marking of the road was properly excluded and (b) that plaintiff would not have made out a prima facie case even if the proof of prior similar accidents had been admitted in evidence. In my opinion it was improper to exclude the expert's testimony that the design and marking of the road were unsafe and improper (see *Lack* v. *Lawson Co.*, 16 N Y 2d 942; *Jenks* v. *Thompson*, 179 N. Y. 20; *Finn* v. *Cassidy*, 165 N. Y. 584; *Ward* v. *Kilpatrick*, 85 N. Y. 413; *Transportation Line* v. *Hope*, 95 U. S. 297). If that proof were in the case, along with the improperly excluded proof of prior similar accidents at that place, there would unquestionably have been sufficient proof to make out a prima facie case in this death action, under the rule of *Noseworthy* v. *City of New York* (298 N. Y. 76). And in my opinion the *Noseworthy* standard of proof would have been met here even if the expert testimony were excluded and only the proof of prior similar accidents were admitted in evidence, as the majority says it should have been. I therefore vote to reverse the judgment and to grant a new trial.