The action is brought by the administratrix of a servant against master for negligence causing death. It was claimed that the deceased, a freight brakeman on the defendant's road, was struck by a bridge which passed over the road, hurled from the train and killed. Evidence was given to the effect that at the time of the accident the telltales required by the statute to give warning of approach to the bridge were defective, and no question is made on this appeal that the defendant's negligence was not a question of fact for the jury. The accident happened in the afternoon of a clear summer's day. No one saw its actual occurrence. The deceased was last seen by the conductor of the train at a station four miles west of the bridge getting on top of the fifth or sixth car back from the locomotive, which was his proper station as head brakeman. The track was straight at this point for some three miles and the bridge could be easily seen at quite a distance. It appears, however, that the grade of the road descended in the direction in which the train was moving, and that on such grade the steam was shut off, the effect of which was to cause the smoke to hang around the train instead of being carried away. A short time after the train had passed a boy discovered the body of the deceased lying under the bridge beside the track. His skull had been crushed at the back of his head and there were marks on the side of the bridge as if it had been recently struck by some object. From the place where the body was found and the nature of the injuries upon it, the jury was authorized to infer that the deceased had been struck by the bridge.
It is insisted, however, by the defendant that the evidence was insufficient to justify the jury in finding that the deceased was free from contributory negligence. We think this was also a question of fact for the jury. The deceased having *Page 90 
been killed, less evidence was required from his personal representative to establish his freedom from negligence than would have been required from him had he survived and been able to testify. (Shafer v. Mayor, etc., of N.Y., 154 N.Y. 466.) There is a plain distinction between this case and that ofWieland v. D. H. Canal Co. (167 N.Y. 19), where the deceased, who was driving a vehicle along the highway, was killed at a railroad crossing. Ordinarily where a traveler seeks to cross a railroad his dominant thought should be to see that he can proceed across safely, that there are no approaching trains, and to this care all other considerations should be subordinated. It is not so, however, with a brakeman who is required to ride on the top of the cars while the train is moving. Doubtless, even in that position he must exercise reasonable care to avoid danger, but, as shown by the evidence, he has duties in that position which prevent him from giving that exclusive care to his own safety which is required from the traveler on the highway. He must be on the alert to receive signals from the conductor and to some extent look after the movement of the train. We are of the opinion, therefore, that the nonsuit granted at the Trial Term was improper and that the order of the Appellate Division reversing it was correct.
We think, however, that there were errors committed at the trial that justified that court in setting aside the verdict and that the Appellate Division should have remanded the cause for a new trial. Evidence was given in reference to the presence of smoke which might have obscured the vision of the deceased, which was received over the defendant's objection and exception. So far as this related to the ordinary and natural effect of shutting off the power, the evidence was competent. It is true it was expert evidence, but it was not opinion evidence. It related to a fact which was the result of observation, and the fact was one of which the ordinary layman might be ignorant. Further testimony was given as to smoke obscuring the bridge, not on the occasion of the accident, but at other times. This we think was incompetent. The *Page 91 
degree to which the bridge might be obscured by smoke on any particular occasion would plainly depend to some degree on the condition of the weather and on the direction and force of the wind at the particular time. Unless these conditions were the same, that the bridge was obscured at other times did not tend to prove that it was obscured at the time of the accident.
Over the objection and exception of the defendant the plaintiff was permitted to prove that previous accidents had occurred at this bridge. The admission of this evidence was also erroneous. There are certain cases in which proof of this character is admissible to show that an appliance or place is dangerous, and also to show notice to the defendant of such danger. (Brady v.Manhattan Ry. Co., 127 N.Y. 46.) No such issue, however, was involved in this case. Unquestionably the presence of the bridge constituted a danger to any one standing on the top of the cars. This was not in issue; the measurements showed it. Such, however, is frequently the case with railroad bridges, and the defendant could not be held liable for the construction of the bridge, for that was a danger the risk of which was assumed by the servants. (Gibson v. Erie Ry. Co., 63 N.Y. 449.) For the purpose of protecting the railroad employees, the legislature, in 1884, enacted a statute (Ch. 439) which required all railroads thereafter to maintain suitable warning signals at every low bridge or structure which crossed the railroad above the track. This statute did not render the maintenance of low bridges illegal, but did require them to be guarded by telltales or warning signals. Therefore, in order to hold the defendant liable in this case, it was necessary to show a defect in or absence of the telltale. Some of the evidence given related to accidents years after the one which occasioned the death of the plaintiff's intestate. The circumstances of none of the occurrences were given. The accidents may have been occasioned by the fault of the persons injured, or perhaps without fault on either side from the inherent dangers of the employment. It is apparent that the evidence in no way *Page 92 
tended to show the condition of the telltales at the time of the accident to the deceased, nor his freedom from contributory negligence.
The plaintiff was further allowed to prove, over the defendant's exception, that of the two children of the deceased, one was still living in an orphan asylum, and that the other had lived there until a short time before the trial. It was doubtless competent on the question of damages to show the age of the children, and that they were entirely dependent for support upon the earnings of the deceased. Such testimony was given without objection, but the plaintiff went further and, as already stated, sought to prove that one of the children was still in the orphan asylum. We cannot see how this evidence was material, or for what purpose it was given, except to excite the sympathy of the jury, usually a work of supererogation in an action for personal injuries.
The order of the Appellate Division should be modified so that, instead of directing a judgment to be entered on the verdict, a new trial should be granted, costs to abide the event, and as modified affirmed.
GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.
Ordered accordingly.