KARNIC KEOSAYIAN, as Administrator, etc., of CHARLES KEOSAYIAN, Deceased, Respondent, *v.* JOHN GEIGER, Appellant.

First Department, May 29, 1919.

**Motor vehicles — negligence — death of boy struck by automobile while crossing street in middle of block — contributory negligence — burden of proof — insufficiency of evidence to sustain verdict.**

In an action to recover damages for the death of a boy about eight years of age caused by being struck by an automobile while crossing a city street in about the middle of the block, there was conflicting evidence as to whether the automobile was carrying lights, whether the horn was sounded, whether it was proceeding at a moderate or high rate of speed, and whether the deceased darted out in front of the automobile or was

walking in a direction such as would have placed him in plain view of the operator of the automobile.

*Held,* that the only theory upon which defendant's liab lity might be based was that the decedent was walking and the defendant did not observe him and attract his attention by sounding the horn; but that, in view of the uncontroverted testimony that the automobile was stopped almost instantly, a verdict for the plaintiff was aga nst the weight of the evidence, as it would be unreasonable to infer that the horn would not have been sounded or the automobile stopped before contact with the deceased, if he was walking across the street in plain view of the defendant, whether the headlights were lighted or not.

Under such circumstances, where no one testified to seeing the boy look before or during the time he was crossing the street, the burden, under section 841b of the Code of Civil Procedure, of showing contributory negligence was on the defendant.

In view of the age of the deceased, and under the rule in death cases, which of necessity is more liberal than where the testimony of the person injured can be had, it cannot be said as a matter of law that the deceased was guilty of contributory negligence.

APPEAL by the defendant, John Geiger, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of May, 1918, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 2d day of May, 1918, denying defendant's motion for a new trial made upon the minutes.

*Fred H. Rees,* for the appellant.

*Arthur K. Wing* of counsel [*George S. Wing* with him on the brief, *Hugh Govern,* attorney], for the respondent.

LAUGHLIN, J.:

On the 6th of July, 1916, at about eight-thirty P. M., the defendant was driving a Ford automobile westerly on East Twenty-fifth street, and when in about the middle of the block, between Second and Third avenues, the automobile came in contact with the decedent, who was eight years and two months of age, and from the injuries thus sustained the decedent died. This is a statutory action brought to recover the pecuniary loss sustained by his next of kin, on the theory that the boy's death was caused by the negligent operation of the automobile by the defendant.

The negligence with which the defendant was charged was

in the care, management and control of the automobile, which, it was alleged, " was caused to be violently driven at fast speed, and without any notice or warning." It was further charged that the death of the boy was solely due to the negligence of the defendant in driving the automobile " at a high, excessive and dangerous rate of speed, in failing to give plaintiff's decedent a reasonable opportunity to proceed to a place of safety," and in otherwise carelessly, recklessly and negligently driving said automobile, all in violation of the laws of the State of New York and of the municipal ordinances of the city of New York. On the trial no ordinance was proved and no violation of any statute was shown. It is conceded that the law or regulation with respect to the speed at which automobiles might be driven at that point and at that time limited the speed to fifteen miles per hour. There was no evidence that that speed was exceeded or attained. No witness called by the plaintiff attempted to specify the speed at which the automobile was going. Some of them say it " was going fast; " " it was not slow, but it was quite fast." The defendant and a companion who was riding with him testified that the automobile was moving only at the rate of seven or eight miles per hour. The uncontroverted evidence shows that the automobile stopped instantly, or that it did not move more than two or three feet after hitting the boy. The testimony is somewhat conflicting with respect to the degree of light at the time. Some of the witnesses for the plaintiff testified that it was still sufficiently light to see the automobile approaching from the east as far as Second avenue, which was three hundred feet distant from the scene of the accident. The testimony given on behalf of the defendant is substantially to the same effect. But on the other hand some testimony given on behalf of the plaintiff is to the effect that it was dusk, and that objects could not be discerned at any great distance, and the defendant's companion testified, in describing the accident, that the automobile was going west on the north side of the street " when I saw a bulk, that is, a shadow more than anything else, pass the front of the car, and a crash; " which is perhaps some evidence that it was not very light at the time. There was testimony given on behalf of the plaintiff tending to show

that no horn or gong on the automobile was sounded as it approached the point of the accident. Some witnesses for the plaintiff say that they did not see any lights on the automobile, but two testified positively that there were no lights on the automobile. The defendant conceded that he did not sound the horn at this time, but, according to his testimony and to that of his companion, and a member of the city fire department and an optician, who were both in the immediate vicinity and eye witnesses to the accident, the decedent darted out from the northerly sidewalk on a run in front of the automobile when it was nearly opposite where he left the curb and within five or six feet thereof. Of course if the accident happened in that manner there was no occasion for the defendant to sound the horn. The defendant and his companion Faulhaber, who was a United States Treasury agent, and related to the defendant, and resided at the northwesterly corner of Second avenue and East Twenty-fifth street, testified that the defendant called for Faulhaber at his said residence, and that they turned into East Twenty-fifth street, and were proceeding westerly along the carriageway and within two or three feet from the northerly curb; that children were playing in the street toward Second avenue and that there the horn on the automobile was sounded, but that as they approached the point of the accident there was no one in the street until the decedent suddenly darted out in front of the automobile, striking the left headlight with his hand and breaking the glass. In this they are substantially corroborated by the optician and the fireman, both of whom say, in substance, that the decedent was being chased by another boy, westerly on the northerly sidewalk, and that as he came to a lamp post near the curb and opposite No. 221, he whirled around the post, into the carriageway, and ran into the automobile. On the part of the plaintiff, a barber and a tailor, who were in the front of their shops on the south side of the street nearly opposite the point of the accident, testified that the decedent was crossing from the southerly to the northerly side of the street on a walk, and that he was struck by the left front wheel of the automobile when he reached a point about the middle, or a little north of the middle of the street. These witnesses say that

they did not see any lights on the automobile. The barber says that there were a number of children in that vicinity but no other witness so testified. A boy fifteen years old called by the plaintiff testified that he was on the south sidewalk in that vicinity and saw the decedent crossing the street on a run or a " slow trot " and that he was struck by the left front wheel of the automobile when in about the middle of the street. The decedent's sister, who was seventeen years of age, says that she was on the southerly sidewalk and saw the automobile coming from Second avenue, and that the decedent then was on the southerly sidewalk, but that she did not see him in the street and that her attention was not attracted again until the accident had occurred. The plaintiff also called Mrs. Maloy and daughter, who were on the northerly sidewalk opposite the point of the accident, and they testified that they did not observe where the decedent came from, but noticed the automobile coming from down near Second avenue, and did not observe any light on it; and the daughter said it had no light. Other testimony was given on the part of the plaintiff to the effect that it was a warm evening, and that there were many children playing in the street on such occasions, and that at this time there were children in the street further to the east. No one testified to seeing the boy look before or during the time he was crossing the street, but the burden of showing contributory negligence was on the defendant. (Code Civ. Proc. § 841b, as added by Laws of 1913, chap. 228.) And in view of the age of the decedent and under the rule applicable to death cases, which of necessity is more liberal than where the testimony of the person injured can be had (*Harrison* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 86; *Braun* v. *Buffalo General Elec. Co.*, 200 id. 484; *Sackheim* v. *Pigueron*, 215 id. 62; *Brott* v. *Auburn & Syracuse El. R. R. Co.*, 220 id. 92; *Hoag* v. *N. Y. C. & H. R. R. R. Co.*, 111 id. 199), it cannot be said as a matter of law that the decedent was guilty of contributory negligence.

There is one theory of the case, I think, and only one, under which the defendant might be held guilty of negligence, and that is if the testimony of the two witnesses for the plaintiff, who say that the boy was walking, be true. If so, then

whether or not the headlight was lighted the defendant might be chargeable with negligence for not having observed that the decedent was continuing on his way, and for not sounding the horn to attract his attention to the approach of the automobile. If, however, the verdict was predicated upon that ground we think it is against the weight of the evidence and that the defendant's contention that the decedent ran out from the northerly sidewalk is the more probable, for the uncontroverted evidence shows that the defendant must have had. his automobile under complete control, and that it must have been going at a very moderate rate of speed to have been stopped as it was so soon after the danger was observed. It would in such circumstances be unreasonable to infer that the horn would not have been sounded or that the automobile would not have been stopped before the coming in contact with the decedent if he was walking across the street from the south to the north, which would have brought him in plain view of the occupants of the automobile whether the headlights were lighted or not.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and PHILBIN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.