AMELIA K. HECK, as Administratrix of the Estate of ALBERT W. C. HECK, Deceased, Respondent, *v.* LEHIGH VALLEY RAILROAD COMPANY, Appellant.

Negligence — master and servant — railroads — action for death of employee — low bridge over railroad not of itself basis· for finding of negligence — duty of master discharged by warning in absence of defective construction — assumption of risk — ascending grade of road making distance between rails and bridge six inches more at entrance than at farther side — insufficiency of evidence to show that decedent was struck by bridge at one side rather than the other.

1. The fact that bridges over a railroad are low, standing by itself, does not lay the basis for a finding that the operation of the road is negligent. There must be proper warning, but, where telltales with danglers have been placed at appropriate points, the master's duty is discharged unless there are defects of construction exaggerating the peril, and even then the servant will be taken to have assumed the risk so far as it is obvious.

2. In an action to recover for the death of a railroad conductor, killed by striking a low bridge while riding on top of a car, the fact that, owing to ascending grade, the distance between the rails and the girders is about six inches greater at the point of entrance, on the occasion of the accident, than at the farther side, does not help the plaintiff's case on the theory of defective construction, where there is no causal connection established between the suggested negligence and injury, there being nothing to justify a finding that the decedent was struck by the bridge at one side rather than at the other.

3. The fact that a brakestick which decedent had held in his hand was found at or near the farther end of the bridge, which was but sixty feet in width, is insufficient to form the basis of a verdict.

*Heck* v. *Lehigh Valley R. R. Co.*, 214 App. Div. 758, reversed.

(Argued October 16, 1925; decided November 24, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 25, 1925, affirming a judgment in favor of plaintiff entered upon a verdict.

*Thomas R. Wheeler* for appellant. The plaintiff's intestate assumed the risk of injury resulting from being struck by an overhead bridge. The defendant's motions for a dismissal of the complaint should have been granted. (*Seaboard Air Line Ry. Co.* v. *Horton*, 233 U. S. 492; *Boldt* v. *Penn. R. R. Co.*, 245 U. S. 441; *Southern Pacific Company* v. *Berkshire*, 254 U. S. 415; *Kanawha & Michigan Railway Company* v. *Kerse*, 239 U. S. 576; *Williams* v. *D., L. & W. R. R. Co.*, 116 N. Y. 628; *Gibson* v. *Erie Railway Company*, 63 N. Y. 449; *Harrison* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 86; *Albring* v. *N. Y. C. & H. R. R. R. Co.*, 46 App. Div. 460; *Evans* v. *L. S. & M. S. Ry. Co.*, 12 Hun, 291; *Drake* v. *Auburn City Ry. Co.*, 173 N. Y. 466.) The plaintiff failed to show that plaintiff's intestate met his death through any negligence of the defendant. (*Fearick* v. *L. V. R. R. Co.*, 210 App. Div. 742.)

*Hamilton Ward* for respondent. The question of the assumption of risk on the part of plaintiff's intestate was properly submitted to and decided by the jury. (*Boston & M. R. R. Co.* v. *Brown*, 218 Fed. Rep. 625; *Portland Co.* v. *Jarvis*, 227 Fed. Rep. 8; *Benton* v. *N. Y. C. R. R. Co.*, 24 App. Div. 303; *Barry* v. *Erie R. R. Co.*, 209 App. Div. 848; *Long* v. *Payne*, 198 App. Div. 667; *Kanawaha & M. R. Co.* v. *Kerse*, 239 U. S. 576.) The jury had the right to find that the decedent's death was brought about by contact with the low part of the Ellicott street bridge. (*Harrison Case*, 195 N. Y. 86; *Marus Case*, 170 App. Div. 158; *Marland Case*, 246 Fed. Rep. 91; *Baxter Case*, 228 Fed. Rep. 257; *Fordham* v. *Grosvenor Village*, 160 N. Y. 541; *Stubbs* v. *City of Rochester*, 226 N. Y. 516.)

CARDOZO, J.. The action is under the Federal Employers' Liability Act for injuries resulting in death.

Heck, who was killed, was a conductor in charge of a freight train on defendant's railroad. Spanning the tracks are two low bridges about 200 feet apart. Heck, standing on top of a car, was seen to stoop as he reached the first of the bridges. He then passed beyond the view of the watchers in defendant's tower, and later his dead body, the neck broken, was found upon the car. The inference is permissible that he was struck by the second bridge. He had gone over the route many times before. He had in his caboose a time table furnished by the defendant to its employees warning them of the bridges located on its line. He saw the first bridge, for he avoided it. He was traveling in broad daylight, and there was nothing to obstruct his vision of the other. Telltales with danglers had been placed at appropriate points to serve as reminders of the peril (Railroad Law [Cons. Laws, ch. 49], § 71, subd. 2). In such circumstances, the fact that the bridges were low, standing by itself, would not lay the basis for a finding that the operation of the road was negligent (*Harrison* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 86, 91; *Bell* v. *N. Y. R. R. Co.*, 168 Mass. 443). Such bridges are so common that all railroad men expect them. There must indeed be proper warning (*Harrison* v. *N. Y. C. & H. R. R. R. Co.*, *supra*). The master's duty is then discharged, unless, indeed, there are defects of construction exaggerating the peril. Even then, the servant will be taken to have assumed the risk so far as it is obvious (*Southern Pac. Co.* v. *Berkshire*, 254 U. S. 415; *Boldt* v. *Penn. R. R. Co.*, 245 U. S. 441).

The plaintiff argues that in this bridge there were defects of construction exaggerating the peril, and that they were unknown and invisible. As the tracks go under the first bridge, they descend a little, then run level, and then, as they approach the second bridge, ascend. As a result, the space between the rails and the girder is about six

inches greater at the south end of the bridge, which on this occasion was the point of entrance, than it is at the north or farther end.   The change is not abrupt or sudden. It is distributed proportionately over a space of sixty feet.   The case differs in essentials from *Hunter* v. *N. Y., O. & W. R. R. Co.* (116 N. Y. 615), where in the middle of a long tunnel there was an unexpected projection five feet long.   For the plaintiff, it is argued that the defendant was negligent in diminishing without warning the space available for employees engaged in work so hazardous.   To this the defendant answers that in laying out its road it had no reason to believe that conductors or brakemen, mindful of a bridge, would estimate so nicely the space available for clearance.   Its employees, so it argues, were not at liberty to assume, in calculating the risk to be accepted, that any such nicety of adjustment was expected or permissible.   Warning of a bridge is warning of variations of the grade not substantial or unusual.   There is no implied assurance that roadbeds are precisely level.   The record does not inform us to what extent irregularities at such locations are in accord with engineering practice.

Choice between these arguments is unnecessary for the disposition of the case before us.   Even if the rising grade at such a point were to be classed as negligent construction, resulting in a risk unknown and unforeseen, the plaintiff's case would not be helped.   A causal connection is not established between negligence and injury.   There is nothing to justify a finding that Heck was struck by the bridge at one end rather than at the other.   Indeed, the jury found that he had been guilty of contributory negligence, reducing the verdict for that reason as permitted by the statute.   For all that appears he was thrown down upon the car as he went into the tunnel and not as he went out.   The plaintiff argues that a brakestick which he had been holding in his hand was found beneath the bridge at the north end or near by.

The space between the two ends, however, was only sixty feet. We cannot say how the brakestick, dropping from the nerveless hand, was struck or thrown by the moving car. We have no reason to doubt that it could have been carried sixty feet before it reached the ground. The opposite inference is too tenuous to form the basis for a verdict.

The judgment of the Appellate Division and that of the Trial Term should be reversed, and the complaint dismissed with costs in all courts.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.