In the Matter of HENRY A. ZDROJESKI, Petitioner, against ROBERT E. DINEEN, as Superintendent of Insurance, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Superintendent of Insurance suspending for six months petitioner's license as an insurance broker. The reason assigned for the suspension was that it had been determined after investigation and hearing that appellant was untrustworthy, within the contemplation of the Insurance Law, to act as an insurance broker. Appellant admitted that he had been indicted in the United States District Court for the Eastern District of New York for violating the National Housing Act Amendments of 1938 (U. S. Code, tit. 12, § 1701 *et seq.*), and pleaded guilty to the charge. Determination of the Superintendent of Insurance unanimously confirmed, without costs, the period of suspension to commence November 1, 1944, and terminate April 30, 1945. Present — Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ.

EDMUND H. JONES, Respondent, v. POINCIANA REALTY CORPORATION, Appellant.— Defendant, the owner of an apartment house, appeals from a judgment in favor of one of its tenants for personal injuries sustained through being scalded while in his bathtub. Judgment reversed on the law and a new trial granted, with costs to abide the event. It was error for the trial court to receive, over objection, opinion testimony to the effect that the sudden gush of scalding water which caused plaintiff's injuries could have been caused by the sudden drawing off of a large quantity of cold water by other tenants in the house, or by the sudden clearing up of a clogged condition in plaintiff's hot-water pipe. That testimony was without factual support in the evidence and was prejudicial. (*White* v. *Prudential Insurance Co.*, 120 App. Div. 260, 263; *Harrison* v. *N. Y. C. & H. R. R. R. Co.*, 195 N. Y. 86, 90, 91.) The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions were it not for the error alluded to. Close, P. J., Hagarty and Carswell, JJ., concur; Aldrich, J., votes to reverse on the facts and to grant a new trial, with costs to abide the event, on the ground that the verdict is against the weight of the evidence; Lewis, J., not voting.

EMIL KELLER, as President of Local Union No. 504 of the Brotherhood of Painters, Decorators and Paperhangers of America, et al., Respondents, v. LAURENCE P. LINDELOF, as President of the Brotherhood of Painters, Decorators and Paperhangers of America, et al., as Members of the Executive Board of Said Brotherhood, et al., Appellants.— Action to enjoin certain labor unions from operating in the territory of the local union represented by plaintiffs, and for other related relief. Judgment in favor of plaintiffs reversed on the law, without costs and the complaint dismissed on the law, without costs. The facts as found by the trial court are affirmed. The plaintiffs have not exhausted their remedies within the parent organization, as required by its constitution, and the undisputed facts are not persuasive that there may be such injury during the time required to pursue them as to induce the court to accept jurisdiction at this time. Hagarty, Acting P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.