John Cunningham, Plaintiff, *v.* Milk Drivers and Dairy Employees, Local No. 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, by John Kelley, as President, et al., Defendants.

Supreme Court, Special Term, Queens County, August 19, 1955.

*Joseph A. Teperson* for plaintiff.

*Samuel J. Cohen* and *Edward C. Maguire* for defendants.

Colden, J. This is an action by plaintiff, who has been a member in good standing of the defendant local union for many years, to adjudge his expulsion therefrom void and of no effect, to enjoin the defendant from enforcing said expulsion, to declare the plaintiff to be a member in good standing continuously since

August 3, 1953, and also to enjoin the defendant from holding an election of officers to replace those who have resigned.

According to the complaint, plaintiff on May 1, 1953, received a written communication from the local's secretary-treasurer, containing a copy of charges which had been filed against him by a brother member. Three days later plaintiff demanded that he be furnished with particulars of such charges which was refused. He was thereafter directed to appear before the executive board of the local for trial. Plaintiff so appeared and objected to certain individuals sitting on the trial board, and demanded an adjournment. These objections were overruled and plaintiff was ordered to leave the hearing room, so that no evidence was taken or witnesses examined in his presence.

Thereafter and on August 4, 1953, plaintiff was notified that he had been expelled from membership in the local. Plaintiff thereupon duly appealed from said expulsion order to joint council 16 of international brotherhood as provided by the constitution. Pursuant to direction, he appeared before the executive board of said joint council on December 4, 1953, and then and there repeated the protests and demand made by him at the hearing before the local's executive board. He was advised on December 10, 1953, that the joint council concurred in the action taken by the local executive board.

Plaintiff then appealed to the general executive board of the international brotherhood as provided by the constitution, and was directed to appear on January 6, 1954, before a committee appointed by the general president. He appeared before that committee and renewed the objections above referred to. On June 4, 1954, he was again directed to appear before the committee appointed by the general president where he repeated his objections.

On or about February 7, 1955, one David Kaplan was appointed as trustee to take over and manage the affairs of the local for an indefinite period of time, and on March 1, 1955, the international brotherhood referred plaintiff's appeal to said trustee for further attention. Following several conferences with Kaplan, plaintiff received a telegram from him on April 5, 1955, advising him that full membership privileges were granted to him, pending a final decision by international but his tender of dues was refused, and no decision has yet been rendered on his appeal.

Plaintiff now moves for a temporary injunction restraining the defendant and the trustee in charge of the affairs of the local union " from regarding plaintiff as an expelled member

* * * from in any way interfering with plaintiff exercising his rights as a member in good standing * * * or, in the alternative, enjoining and restraining defendant, Local 584, from conducting nominations for an elections of officers to replace the officers * * * who have resigned."

The defendant in opposition clearly establishes that plaintiff is now enjoying full membership privileges in the local union, pending the determination of his appeal by the general executive board of the international union, whose decision is expected shortly. Indeed, plaintiff has received and collected benefits on behalf of himself and his wife, receiving $102.86 in December, 1954, and $30 in July, 1955.

So far as the nomination and election of officers are concerned, trustee Kaplan states in his affidavit: " I shall not recommend that such meetings be held, nor shall I conduct such meetings, until there has been a decision by the General Executive Board on the plaintiff's case, as well as on the other similar cases which are presently pending. I also make this statement to the Court unequivocally so there can be no doubt concerning this matter."

Under these circumstances, the plaintiff has not shown sufficient basis for the drastic relief he seeks. Aside from the fact that there is grave doubt that he may invoke the jurisdiction of this court until he has exhausted his remedies within the parent organization as required by its constitution (*Keller* v. *Lindelof,* 268 App. Div. 877, affd. 294 N. Y. 717), it is clear that he is presently under no actual disability nor threatened with any act destructive of his rights which will cause actual, material and irreparable injury to him. (Tripp on Guide to Motion Practice, [Cum. Supp. 1949–1955], pp. 269–270, and the cases there cited.)

The motion is accordingly denied.