■ In the Matter of J. LEWIS FOX, Petitioner, v. BENJAMIN R. SCHENCK, as Superintendent of Insurance of the State of New York, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination, dated October 22, 1971, which revoked all insurance licenses issued to petitioner and denied all his pending license applications, on the ground of his untrustworthiness following his conviction of the misdemeanor of perjury in the second degree. Determination modified, on the law, by reducing the penalty to suspension for six months, with credit to be given petitioner for such periods subsequent to the subject indictment during which respondent's nonrenewal or revocation procedures caused petitioner to be unlicensed. As so modified, determination confirmed, without costs. Petitioner has had an unblemished career as an insurance broker since 1946 and as an attorney from 1932 until 1968,

when he was required to resign from the Bar as one of the sentence conditions in connection with his conviction for the misdemeanor of perjury. He had a long career of public service. This misconduct for which his license was revoked was in no way related to his insurance brokerage business. The nature of his offense is such that the determination of respondent to take disciplinary action is supported by substantial evidence. However, in our opinion, under all the circumstances, the penalty of revocation was excessive. We particularly note that previously we remitted the matter for a rehearing and noted that, upon the record presented, it was our opinion that the discipline imposed was an abuse of discretion and that a period of suspension would have been more appropriate (*Matter of Fox* v. *Stewart,* 35 A D 2d 569, affd. 28 N Y 2d 814). At the rehearing, respondent adduced no further evidence derogatory to petitioner; in effect, respondent relied on the appeal record. Petitioner, however, adduced evidence that the Department of State of the State of New York, with full knowledge of his conviction, and after full investigation, issued him a real estate brokerage license. Under all of these circumstances, we are of the opinion that, in view of petitioner's conviction, the penalty imposed, the humiliation and resulting economic detriment, and his age, poor health and unblemished record as an insurance broker, suspension of six months is adequate (*Matter of Gaines* v. *Allen,* 20 A D 2d 598; *Matter of Ancis* v. *Lomenzo,* 31 A D 2d 615; *Matter of Truckenbrodt* v. *Smith,* 19 A D 2d 907; *Matter of Zdrojeski* v. *Dineen,* 268 App. Div. 877). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.